CASE 80—REVENUE—DECEMBER 20, 1883.

# Louisville Water Company v. Hamilton.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Under section 4, article 12, chapter 92, General Statutes, water com panies are bound for revenue. They are required to report to the auditor, on or before the 10th day of April in each year, their prop-erty, stocks, &c.

2. A statute of exemption will not be construed to be retrospective, unless such is the plain intent of the legislature. The intention to exempt must be shown in clear and unambiguous terms.

3. The property of water companies, like railroads and turnpikes, can not be seized by collecting officers and sold, so as to deprive the public of the benefits derived from it.

| 4r | 517 |
| 84 | 101 |
| 81 | 517 |
| 89 | 253 |
| 81 | 517 |
| 90 | 524 |
| 81 | 517 |
| 103 | 576 |
| 81 | 517 |
| e118 | 225 |
| e118 | 226 |
| 118 | 228 |

4. The chancellor having possession of the case should compel the company by rule to pay the revenue into court.

T. L. BURNETT, RUSSELL & BARRETT, AND BROWN & DAVIE, FOR APPELLANT.

County taxes can not be enforced against appellant—

1. Because of the strictly *public functions* performed by the corporation.

2. Because the water-works at Louisville must be regarded as an entirety, and therefore can not be levied upon and sold piecemeal.

3. Because there is a statutory exemption from the tax.

4. A water company that supplies a city is exempt from execution levy on any of its apparatus or plant on the ground of public necessity and convenience. (Charter Louisville Water Co., act 6th March, 1854, sec. 1; Charter City of Louisville, Lucas' ed., p. 47; Foster, &c., v. Fowler, &c., 60 Pa. State R., 27; Chicago v. Halsey, 25 Ill., 596; Leonard v. Brooklyn, 71 N. Y., 479; Dillon on Municipal Corporations, secs. 773–774, 3d ed.; Louisville v. Commonwealth, 1 Duv., 298; Merriwether v. Garrett, 12 Otto, 513; New Orleans v. Morris, 15 Otto, 602; Perry on Trusts, sec. 692.)

5. The plant, pumps, aqueducts, &c., of the Louisville Water Company, must be treated, like the property and equipment of a railway, as an *entirety*. As such its property is not subject to execution levy. (Phillips v. Winslow, 18 B. Mon., 431; Newport and Cincinnati Bridge Co. v. Douglass, 12 Bush, 673.)

6. There is a statutory exemption from payment of the tax in question. (Act of 22d April, 1882, Session Acts, vol. 1, p. 915, chap. 1349, sec. 2; act of 27th March, 1880, Session Acts, vol. 1, p. 639, chap. 620, sec. 6; and for effect of such legislation see Cooley on Taxation, p. 14; Dillon on Municipal Corporations, secs. 9, 19, 20, 3d ed.)

RUSSELL & HELM FOR APPELLEE.

Undoubtedly, prior to the act of 1882, appellant was liable for taxes. The General Statutes, chapter 92, article 12, section 4, settles the question.

The act of 1882 should be given a prospective and not a retrospective consideration.

By its terms it does not exempt the appellant corporation from the payment of county taxes.

The act itself is unconstitutional, as it gives to one corporation an immunity from taxation when all similar corporations are required to pay. (Sec. 3, art. 1, chap. 92, Gen. Stats.; sec. 4, art. 12, chap. 92, Gen. Stats.; Gen. Stats., 1881 ed., p. 881; O'Donoghue v. Aikin, 2 Duv., 480; Head v. Ward, 11 Mar., 284; C. & O. R. R. Co. v. Judge Washington County Court, 10 Bush, 574; Watts v. Commonwealth, 78 Ky., 389; Cooley on Constitutional Limitations, 370, 371; Sedgwick on Statute and Constitutional Law, 173; Lincoln County Court v. L. & N. R. R. Co., recently decided; Dillon on Municipal Corporations, sec. 10; Hamilton Co. v. Mighel, 7 Ohio St., 109; Soper v. Henry

Co., 26 Iowa, 267; 4 Peters, 562; 10 How., 398; 3 *Ib.*, 146; 1 Black, 144; 7 Harris, Pa., 144; Cooley on Taxation, p. 152 and note; Sutton's Heirs v. City of Louisville, 5 Dana, 28; Lexington v. McQuillan, 9 Dana, 513; Bank v. Tennessee, 104 U. S.; Hoge v. Railroad Co., 99 U. S., 354.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This appeal is from a judgment of the Louisville chancery court, enjoining the collection of taxes by the sheriff, and to prevent the levy by him of an execution on appellant's property. The Louisville Water Company is a corporation, the stock of which, or the greater part of it, is owned by the city of Louisville, and whose business it is to supply the inhabitants of the city with water. Taxes had been assessed against the property of this corporation for several years, and for some reason the company declined to make payment, and, when payment was about to be coerced by the collecting officer, this action was instituted in the court below, and an injunction obtained prohibiting the sale of the property of the corporation until the case could be heard by the chancellor. It is claimed in the petition that it is a public corporation, and not liable to taxation by reason of the public benefits resulting to the city of Louisville from the exercise of the corporate privileges. Without entering into a discussion of this branch of the case, it is a sufficient response to say that the 3d section of article 1 of Title Revenue and Taxation, chapter 92, provides in definite terms what property shall be exempt from taxation, and the exemption does not apply to this character of corporation. By section 4 of article 12 of the same chapter it is provided: "It shall be the duty of the president, secretary, or treasurer, of any gas or water company or association in this State, to report, under oath, to the auditor of public accounts, on the 10th day of July in each year, a complete

statement of all property, real, personal, and. mixed, including buildings, engines, machinery, pipes, reservoirs, tanks, &c., under the control of such gas or water company, and any cash on hand," &c.   Upon this valuation they are required to pay tax, and the individual stockholders are not required to list their shares, for the reason that the taxation is based on the real value of the property as reported by the chief officer of the corporation, and the corporation is required to pay the tax, and not the stockholder.

By the 1st section of chapter 27, General Statutes, page 881, Title County Levy, it is provided ''that whenever the county court of any county in the Commonwealth shall, by virtue of any power conferred by law, order and direct an *ad valorem* tax to be assessed, levied, and collected in said county, it shall be the duty of the assessor of the county to proceed to assess, at his regular assessment, all the property in said county not specially exempt from taxation," by virtue of section 3, article 1, chapter 92, General Statutes, Title Revenue and Taxation.   Section 2 of this same act requires the chief officer of certain companies and corporations, including in express terms *water companies*, to list their property, or cause the same to be done, with the county assessor where they own property within the county, for the purposes of taxation.

A reference to these several statutes makes it manifest that it was never the intention of the legislature to relieve such corporations from their share of the burdens of taxation, but, on the contrary, evinces a clear purpose to tax such corporate property.   With this legislative intent, declared in express terms, it is needless to determine the nature of the benefits resulting to the city of Louisville from the exercise of the franchises, or to inquire whether

or not it is that character of corporation where the charities bestowed brings it within the general statutory exemption. Whether this court went too far in the case of the City of Louisville v. The Commonwealth is not necessary to be decided here, but it is evident that property of the value of two or three millions of dollars, with an income, after paying the ordinary expenses and the interest on its bonded indebtedness, of $80,000, should not escape taxation for State or county purposes, unless there is a special exemption based upon a consideration that obviates the constitutional objection to that kind of legislation.

It is claimed in this case that there is a statutory exemption. By an act of April 22d, 1882, the legislature amended the charter of the Louisville Water Company by providing: "The sinking fund of the city of Louisville being the owner of the stock of the Louisville Water Company, and said water company, by virtue thereof, is the property of the city of Louisville, therefore the Louisville Water Company is hereby exempted from the payment of taxes of all kinds, of whatever character—State, municipal, and special." The question presented here is, whether the appellant was released from the payment of taxes already imposed by reason of this enactment—that is, for taxes due or imposed before the act was passed. We think it was only intended to relieve the company from the burdens that might thereafter be imposed. A statute will not be considered to be retrospective unless such is the plain legislative intent. In the case of the Judge of the Washington County Court v. C. & O. Railroad it was said: "Courts will apply new statutes only to future cases, unless there is something in the very nature of the case, or in the language used, which shows they were intended to operate retroactively." In the case of

the Lincoln County Court against the Louisville & Nashville
Railroad Company, this court held that it was not intended
to exempt companies from the payment of taxes for pre-
ceding years, under an act providing that no county or city
shall hereafter assess, levy *or collect* any taxes upon the rail-·
road companies of this State, except as provided in the act.

Cooley on Taxation says: ''The intention to exempt
must, in all cases, be expressed in clear and unambiguous·
terms. Taxation is the rule, exemption the exception.''
A glance at the act in question will determine the legislative
intent to be ascertained by the court below, and, if not, the
act must be regarded as of such doubtful meaning as to·
render such a construction as is insisted upon by appellant
too uncertain when the result will be to relieve the party
from a burden assumed in common with others, and which
in justice it ought to bear. The act should not be construed
as affecting the taxes imposed prior to its passage. It is
insisted by counsel for the appellee that the act is unconsti-
tutional, because it gives to appellant immunity from taxa-
tion when all other corporations, or similar corporations, are
required to pay their proportion of the taxes.

It is not necessary to determine such a question in this
case, as it is not necessarily involved in the controversy, this
court having adjudged that the exemption does not relieve
the appellant from the taxes sought to be recovered; and as
to the effect of the statute upon future assessments for taxa-
tion, the court expresses no opinion.

The trouble arising from the judgment below consists in
the dissolution of the injunction by which the sheriff may
and will seize the property of the company, and so dispose
of it as to destroy the public use, or the benefits the public
derive from it. This corporation, like a turnpike or railroad,

can not be seized and sold by a collecting officer, ·or the property necessary for its use, so as to deprive the public of the benefits to be derived from it, unless by legislative authority. This company furnishes water to nearly 200,000 inhabitants. Their daily wants require its existence, and that the franchise shall be operated. It is essential to the health and comfort of the citizens and the safety of the entire city, and, therefore, the chancellor having been appealed to by the appellant for some sort of relief, should have taken cognizance of the case, and required the appellant by rule to pay the money into court, and, if not, to place the management of the corporation in the hands of a receiver, in order that the burden might be discharged. It appears that this corporation is drawing a handsome income, and applying it to the purchase of additional ground and other property, for the purposes of the corporation. They now own near two hundred and fifty acres of land, and can pay from the increase the tax due without affecting the principal business, and, whether it can or not, the tax must be paid. The property of the corporation in the city is not liable for county taxes, but that portion of it outside of the city is liable, and we suppose it is only the real estate. The land outside of the city limits under *ad valorem* tax for the county is not exempt from county taxation. We mean taxes due before the special act of exemption was passed, as the effect of that act is left an open question, and from the case before us it is difficult to determine whether there is any question as to the county taxes before the court; if not, what is said in reference to county taxes has no application. Counsel may have alluded to the question of county taxation in reference alone to the construction of the special act of exemption.

The judgment is reversed, with directions to stay the hands of the collecting officer, and to enforce collection as herein indicated.

If the land claimed or owned by the company is not necessary to its operations, the chancellor should direct the sheriff to sell it. It will not be permitted to say that such an accumulation of real estate shall constitute such a portion of the entirety as will prevent a severance when not necessary to the operation of the franchise.