Overton Bridge Co. v. Means.

---

THE OVERTON BRIDGE COMPANY, APPELLANT, V. JOHN L. MEANS ET AL., APPELLEES.

[FILED JANUARY 27, 1892.]

Public Corporations: ENFORCEMENT OF JUDGMENTS AGAINST. Property of a public corporation, such as a bridge company, which is essential to the exercise of its franchise and the discharge of the duties it has assumed toward the general public, cannot, in the absence of statutory authority, be seized and sold to satisfy an ordinary judgment. The only remedy of creditors in such case is to obtain the appointment of a receiver and a sequestration of the company's earnings.

APPEAL from the district court for Dawson county. Heard below before HAMER, J.

*C. W. McNamar,* for appellant:

There is no statutory provision in this state for the sale of a highway or bridge; and if it is the property of a corporation to the extent of having the mere right of tolls, that would not make it salable. (*Seymour v. M. & T. Co.,* 10 O., 476, 480.)

*O. A. Abbott, contra:*

Property essential to corporate franchises was formerly inalienable because all corporations were created directly by the legislature, thus being recognized as public, while

a special trust was reposed in the corporators. A different system of incorporation prevails in this state, and the old rule as to alienation should cease with the reason therefor. Except in the case of competing railway lines, our statutes impose no restrictions on the sale of corporate property. Even if the property cannot be sold under a common law execution, it can be disposed of by court of equity. Appellant's citations are not in point.

Post, J.

The plaintiff, The Overton Bridge Company, is a corporation organized for the purpose of constructing and maintaining a toll bridge over the Platte river near the village of Overton, in Dawson county. In the fall of 1886 it entered into a contract with the defendant Means, in pursuance of which the latter erected the bridge in controversy, on the range line between the ranges 19 and 20. Soon after the completion of said bridge the proper authorities of Dawson and Phelps counties opened a road along said range line and over said bridge, and said bridge has been used by the public ever since as a highway. For the purpose of assisting in the building of said bridge, Overton precinct, in Dawson county, voted to issue the bonds of said precinct in the sum of $6,000. Said bonds were subsequently issued and delivered to the plaintiff company, and by it turned over to defendant Means in part payment of the amount due under his contract. There being a further sum due on said contract, defendant brought suit in the district court of Dawson county, and on the 26th day of April, 1888, recovered judgment against the plaintiff company for $2,681 and costs. Afterward an execution was issued and placed in the hands of the defendant Taylor, as sheriff of Dawson county, who levied upon the bridge in controversy as real estate to satisfy said execution, said company having no other property. The plaintiff thereupon filed its petition in the district court of Dawson county, by which it seeks

to have defendant perpetually enjoined from selling said bridge to satisfy the aforesaid judgment.    On final hearing, the district court entered a decree enjoining the sale of the bridge on said execution, but ordered the defendant Taylor, as a special master, to sell said bridge and all the rights of the plaintiff company to maintain the same, including its franchise, for the purpose of satisfying the judgment aforesaid.    From that decree plaintiff has appealed to this court.

We have not been referred to any provision of statute which will authorize the seizure and sale of the bridge in controversy to satisfy an ordinary judgment at law, either upon execution or decree of a court of chancery.    If the decree of the district court can be upheld it must be, therefore, by an application of the principles of the common law.    We have, in our investigation of the question involved, found no case the doctrine of which sustains the contention of defendant.    On the other hand, we believe the rule deducible from all the cases may be safely stated as follows :

The property of strictly private corporations, such, for instance, as manufacturing, mining, and trading companies, and perhaps those in which the public is indirectly interested, as libraries, hospitals and the like, is liable to be taken on execution precisely as the property of an individual debtor, but the property of corporations which are classed as public agencies, such as railroad and bridge companies, which is essential to the exercise of their corporate franchise, and the discharge of the duties they have assumed toward the general public, cannot, without statutory authority, be sold to satisfy a common law judgment, either on execution or in pursuance of an order or decree of court. (*Gooch v. McGee*, 83 N. Car., 59 ; *Baxter v. Turnpike Co*, 10 Lea [Tenn.], 488 ; *Louisville W. Co. v. Hamilton*, 81 Ky., 517 ; *Palestine v. Barnes*, 50 Tex., 538 ; *Gue v. Tidewater Canal Co.*, 24 How. [U. S.), 257 ; *Seymour v. Milford*

*& C. Turnpike Co.,* 10 O., 476; *Foster v. Fowler,* 60 Pa. St., 27.)

It is said by Morawetz in his work on Private Corporations, section 1125: "If a corporation has received aid from the government for a public purpose, any property of the company necessary to enable it to accomplish this purpose is impressed with a trust in favor of the public and cannot be seized and sold by the creditors of the company under execution. Property acquired by the company by purchase, if not necessary to enable it to perform its duties to the public, may be taken under an attachment or execution; but after exhausting this class of property the only remedy of a judgment creditor is to obtain the appointment of a receiver and a sequestration of the company's earnings."

The privileges conferred by law upon corporations to construct railroads, canals, bridges, etc., are conferred with a view to the use and accommodation of the public, and to permit the property necessary for the accommodation of the public to be taken and sold by creditors would be to defeat the prime object of the statute which endows such companies with corporate existence. The bridge in this case was, on its completion, dedicated to the use of the public as was intended from the first, and has continued to be, and is now, a part of the public highway of the state; and it is not the policy of the law to permit it to be diverted from such use.

The judgment is reversed and the cause remanded to the district court with directions to enter a decree in accordance with the prayer of the petition.

REVERSED AND REMANDED.

THE other judges concur.