WIEMER v. LOUISVILLE WATER CO.

(Circuit Court, W. D. Kentucky. March 19, 1903.)

1. EQUITY JURISDICTION—REMEDY AT LAW—MANDAMUS.

A Circuit Court having no power to grant a writ of mandamus except as ancillary to some other proceeding, the fact that such remedy might be appropriate to the facts alleged in a bill will not oust the court of equity of jurisdiction.

2. SAME—ADEQUACY OF LEGAL REMEDY.

A right of action at law for the recovery of damages will not oust the jurisdiction of equity where the remedy would apparently not be as prompt and efficacious as in equity; as where it appears from the allegations of the bill that a court of equity, by compelling defendant to perform a plain duty, may prevent complainant from being subjected to a multiplicity of actions by third persons for the breach of contracts which he has entered into, and which the wrongful action of defendant, sought to be enjoined, will make it impossible for him to perform.

In Equity. On demurrer to bill.
See 130 Fed. 244, 251.

The bill of complaint is as follows:

To the Honorable the Judges of the Circuit Court of the United States in and for the Sixth Circuit and Western District of Kentucky:

Robert Wiemer, of the city of New Albany, and a citizen of the state of Indiana, brings this, his bill, against the Louisville Water Company, a body corporate, organized and existing at and during all the times hereinafter mentioned under the laws of the state of Kentucky, having its chief office and place of business in the city of Louisville, and is a citizen of the state of Kentucky, and thereupon your orator complains and says he has for more than a year last past traded and done business under the name and style of the Louisville Sprinkling Company; that his said business is now, and has been for a year past continuously, that of sprinkling the streets and public ways of the city of Louisville in front of the lots, residences, and houses of such persons as employ him to do so and pay him therefor the contract price for such service; that he has invested a large amount of money in the purchase, and that he now has on hand a large number of carts constructed and built at great expense for the purpose of sprinkling such streets, and which are valuable and useful only for such purpose, and cannot be made and are not valuable or useful for any other purpose; that at great expense he has equipped said carts with the harness and furniture necessary for their use in the business aforesaid, and that such harness, furniture, and equipments, as above mentioned, used in connection with said sprinkling carts, are valuable and useful in such service, but are practically of no value—of no service—in any other business; that in the acquisition and purchase of such sprinkling carts, furniture, harness, and equipments he has paid and laid out more than five thousand dollars, and that said sum so invested by him is valuable only in the event that he can make such property so acquired available to him in the further prosecution of said business, otherwise said investment will be an entire loss to him; that the defendant, the Louisville Water Company, is a body corporate, organized under and in pursuance of an act of the General Assembly of the commonwealth of Kentucky approved March 6, 1854, entitled "An act to incorporate the Louisville Water Company" (2 Acts 1853–54, p. 121, c. 507), and the various amendments thereto, and under and in pursuance of which act the defendant, the Louisville Water Company, long since acquired the necessary lands, and constructed thereon reservoirs, and furnished and equipped with all the requisite appliances and machinery a complete plant or waterworks, and connected the same with all parts of the city of Louisville by means of pipes, aqueducts, and mains laid and constructed under, in, and

¶ 2. See Equity, vol. 19, Cent. Dig. §§ 151, 152, 167, 169.

along the public ways of and in the city of Louisville, and through such pipes, mains, and aqueducts has continuously and does now supply and furnish water to the city of Louisville, to the inhabitants thereof, and to all persons doing business therein, in amounts sufficient to satisfy all needs and demands, public and private, therefor, and for which the said defendant is authorized to demand and charge a sum not exceeding the average price charged in the cities of Pittsburg, Cincinnati, and St. Louis for water furnished there by the water companies supplying such cities with water.

Your orator says that the defendant, the Louisville Water Company, is invested with all of the powers and charged with all of the duties imposed upon it and required of it. by the charter act aforesaid, and that by the provisions of said charter act it is the duty of the defendant, the Louisville Water Company, to furnish and supply him with all the water necessary for the purpose of enabling him to carry on and conduct the business aforesaid; that it is the duty of the defendant, the Louisville Water Company, to furnish to all persons, natural and artificial, the water required by such persons sufficient to satisfy all lawful needs therefor; and that the defendant, the Louisville Water Company, has no rightful authority to prefer one consumer of water to another, but by said statute it is the duty of the defendant, the Louisville Water Company, to treat all consumers alike, and to furnish and supply water at uniform rates to all consumers.

Your orator says that he has been supplied by the defendant, the Louisville Water Company, with the necessary amount of water to enable him to carry on and conduct his business aforesaid in the city of Louisville, and throughout the year 1902 the defendant, the Louisville Water Company, did supply him with all the water required by him for the successful prosecution of his said business in the city of Louisville, and that he has always heretofore relied upon the defendant, the Louisville Water Company, for water to enable him to carry on and conduct his said business, and he says that he will be unable, that he cannot carry on, conduct, and prosecute his said business, without a supply of water furnished to him by the defendant, the Louisville Water Company.

Your orator says that the defendant hereto, the Louisville Water Company, with an intent of breaking up his said business, and with an intent of driving him out of the business of sprinkling streets and public ways of the city of Louisville, has wrongfully and without cause refused to furnish or supply him with water with which to carry on and conduct his said business of sprinkling streets in the city of Louisville.

Your orator says that the defendant, the Louisville Water Company, now has on hand, and the capacity of keeping on hand, all the water, that will be needed or required by your orator to carry on and conduct the said business and to supply and furnish all and every demand by every other person on it for water; and your orator says that by reason of such action upon the part of the defendant, the Louisville Water Company, the said defendant, the Louisville Water Company, has determined and decided that your orator shall not hereafter carry on, conduct, or prosecute his business of sprinkling streets and public ways in the city of Louisville.

Your orator says that he cannot obtain water for said purpose from any other source than the Louisville Water Company.

Your orator says that he is now under contract with the owners of lands, lots, and houses fronting on the following streets in the city of Louisville to sprinkle the streets and public ways in front thereof for the spring, summer, and fall of 1903 for the contract price agreed upon by and between your orator and such owners, to wit: Main street from Preston to Fourteenth streets, Market street from Jackson to Eighth streets, Jefferson street from First to Fifth streets, Fourth street from Main to first alley south of Broadway, Third street from river to Confederate Monument, Second street from river to Market, Second street from Oak to Burnett, First street from Main north to Water, First street from Oak to Burnett, Ormsby avenue from Floyd to Sixth street, Burnett avenue from First to Third, St. Catherine street from Second to Fifth, Washington street from Second to Preston, Preston street from Jefferson to Water, Seventh street from Main to Jefferson, Eighth street from first alley south of Main street, Broadway from Second to Eleventh, Eleventh

street from Broadway two squares south, Ninth street one square north and south of Broadway, Tenth street one square north and south of Broadway. That he did on the 2d day of February, 1903, and at frequent intervals thereafter, petition and request the Louisville Water Company that it should furnish and supply him with water with which to sprinkle the streets aforesaid during the spring, summer, and fall of the year 1903, but that the said defendant, without any excuse or reason therefor, refused to furnish or supply your orator with water for the purposes aforesaid or for any purpose. Your orator says that he will sustain a loss and damage of two thousand five hundred dollars by the refusal and failure on the part of defendant to furnish and supply him with water with which to sprinkle the streets aforesaid in and during the spring, summer, and fall of the year 1903. Your orator says that unless he is at once, without delay and forthwith, furnished and supplied with water by the defendant, the Louisville Water Company, with which to carry out and comply with said contracts to sprinkle the streets aforesaid in the spring, summer, and fall of 1903, he will suffer and sustain a loss and damage which will be irreparable, and for which he can have no adequate relief or remedy at law.

Your orator says that he is able and willing to, and has heretofore and does now offer to pay and to secure to the defendant, the Louisville Water Company, the full amount, price, and value for all water required or needed or demanded by your orator in the prosecution of said business in the spring, summer, and fall of 1903, and that he is able and willing to and will execute, and he now offers to execute, to the defendant, the Louisville Water Company, bond with good, sufficient, and ample surety, conditioned that your orator will not waste any of such waters, or suffer any waste thereof to be committed, and that he will faithfully, well, and truly perform every duty required of him by law or the rules of the defendant, the Louisville Water Company, in the use made by him of such water in and during the spring, summer, and fall of 1903; and your orator further says that he is able and willing to and will comply with and perform all of the duties and obligations incumbent upon him and growing out of his use of the water furnished to him by the Louisville Water Company for the purposes aforesaid, and that he will not use such water or any part thereof for any other purpose than sprinkling the before-named streets in the spring, summer, and fall of 1903.

Your orator says that the defendant, the Louisville Water Company, is abundantly able to furnish and supply him with all the water required to sprinkle the streets aforesaid in and during the spring, summer, and fall of 1903, and that such supply by the defendant of water to him will not inconvenience it to any extent, or disable it from performing or discharging any duty or obligation it is under or will be under to any other person to furnish or supply water for any other purpose whatever.

Your orator further states that the said defendant, for the purpose of ascertaining the quantity of water used by street sprinklers, and to prevent the waste of water, attached meters to the tanks on sprinkling carts, and during the spring, summer, and fall, the sprinkling season of 1902, the said defendant attached to your orator's three tanks on his three sprinkling carts meters, which remained attached to the same until within the last ten days, when the said defendant removed said meters, and has not since restored them.

Your orator has made arrangements to have and to put in use in the business aforesaid three or more sprinkling carts in addition to the three carts which he now has.

Your orator has over six hundred citizens who have contracted to and with him to pay him for sprinkling the streets in front of their respective premises in and during the spring, summer, and fall, the sprinkling season of 1903, and he has no doubt but that he will be able to contract with many other citizens and residents to have the streets sprinkled in front of their respective premises.

Your orator has established the business of sprinkling streets in the city of Louisville with the intention of following and continuing that business. He has established a valuable good will with those for whom he sprinkled the streets in the spring, summer, and fall, the sprinkling season of 1902, and that most of them have contracted and agreed with him to have him sprinkle

the streets in front of their property in the spring, summer, and fall, the sprinkling season of the year 1903.

Your orator says that the defendant has established post hydrants at convenient places for sprinkling streets, and to obtain water for other purposes, and that, notwithstanding the defendant well knew that your orator had established himself in the business of sprinkling streets, and had prosecuted such business in the spring, summer, and fall, the sprinkling season of the year 1902, and to the satisfaction of those employing him so to do, and of his customers in that business, and notwithstanding the defendant has an abundant supply of water for all useful and lawful purposes, including an ample supply for the purpose of watering and sprinkling the streets, and knew and now knows that your orator had and has contracts with the owners of premises fronting on the streets aforesaid to sprinkle the streets in front of their property, and that your orator had paid to the defendant in full all of its charges and demands for water furnished and supplied by it to this plaintiff for the purposes aforesaid in the spring, summer, and fall, the sprinkling season of 1902, yet the said defendant has refused and still refuses to furnish to your orator water for the purposes aforesaid; and your orator says that, unless the defendant be compelled to furnish him water at once for the purposes aforesaid, and in an amount sufficient to answer his demands therefor, that his good will will be destroyed, and his said business ruined.

Your orator says that by the terms of his contract with the owners of said lots, houses, and residences he came under obligation on the 1st of March, 1903, to commence the sprinkling of the streets aforesaid, and he says that the defendant hereto has, without any excuse therefor, and wrongfully, and for the sole purpose of compelling this plaintiff to give up and abandon his said business of sprinkling streets in the city of Louisville, refused to furnish or supply, and will continue to refuse to furnish and supply, your orator with water to sprinkle said streets, unless it be immediately enjoined and restrained from further refusal so to do.

In consideration whereof, and inasmuch as your orator is without any remedy at and by the strict rule of the common law, and is only relievable in a court of equity, where matters of this kind are properly cognizable and reviewable, he brings this action in this court to the end, therefore, that your orator may have that relief which he can only obtain in a court of equity, and that the said defendant may answer the premises, but not upon oath and affirmation, the benefit of which is expressly waived by your orator. He now prays the court that the defendant be at once and forthwith enjoined and restrained from any further refusal to furnish and supply your orator with water with which to sprinkle the streets aforesaid, and each of them, in and during the spring, summer, and fall of the year 1903; that the defendant be compelled to restore said meters taken off of his tanks, and furnish such other meters as your orator's business from time to time may require; and that said defendant afford him access to and the use of the post hydrants for the purpose of drawing water for the purposes aforesaid; and that the defendant be enjoined and restrained from removing said meters and put on your orator's tanks, and forever enjoined and restrained from not affording your orator access to and the use of the post hydrants for the purpose of drawing and obtaining water for the purposes aforesaid; and that such orders of injunction and restraint be made on the final trial of this action final and perpetual; and that your orator have judgment against the defendant for all costs incurred herein; and that your orator may have such other and further relief in the premises as the nature of the circumstances of the case may require.

May it further please your honor to grant your orator a writ of subpoena to be directed to the said Louisville Water Company, thereby commanding said defendant at a certain time and under a certain penalty therein to be limited personally to appear before this honorable court, and then and there full, true, direct, and perfect answer make to all and singular the premises, and to stand, perform, and abide by such order, direction, and decree as may be made against said defendant in the premises as shall seem meet and agreeable to equity; and as your orator will ever pray.

Lane & Harrison and John Roberts, for complainant.
Burnett & Burnett and George Du Relle, for defendant.

EVANS, District Judge. The defendant has demurred to the bill of complaint, and for cause of demurrer insists that complainant's remedy at law is plain, adequate, and complete. In support of the demurrer it is urged that the writ of mandamus is the appropriate legal remedy as against the defendant, and that the right of the complainant to the remedy on the case made by the bill is plain and manifest; but the court is clearly of opinion that it must be ruled otherwise under section 716, Rev. St. U. S. [U. S. Comp. St. 1901, p. 580], as construed by the Supreme Court in the case of Rosenbaum v. Bauer, 120 U. S. 450, 7 Sup. Ct. 633, 30 L. Ed. 743, and many earlier cases.

It is also insisted that an action at law for damages against the defendant would afford the complainant a complete remedy. The rule appears to be that to oust the jurisdiction in equity the remedy at law must be as prompt and efficacious as that in equity. Springfield, etc., v. Barnard & Leas Co., etc., 81 Fed. 265, 26 C. C. A. 389; Dow v. Berry (C. C.) 18 Fed. 125. Judged by this test, it seems to the court that the averments of the bill present a case where the remedy at law might be unsatisfactory and vexatious. It might be much delayed if every one of the evidently numerous persons with whom complainant has contracted should see fit, as they might, to sue him for a breach of this contract—a breach made inevitable by the defendant's own act. All this may be well avoided by the equitable remedy now invoked, which would not only compel the defendant to perform what, on the face of the bill, appears to be a plain duty, but would also obviate the possibility of a multiplicity of suits against the complainant. If there were nothing in the case except the loss of a few water carts and mules, it might be quite different. But there are many other things, and some strictness of ruling against a defendant who appears to owe a very plain duty (if the averments of the bill are true) might well be excused at this stage of the proceeding, whatever may be proper when all the facts are developed. The probability that any multiplicity of suits which might be brought against the complainant would be the direct result of defendant's own wrongdoing in the premises would seem to enforce this view. Besides, both the plainness and the adequacy of the remedy at law may be greatly doubted in view of the decision of the Court of Appeals of Kentucky in the case of Louisville Water Co. v. Hamilton, 81 Ky. 517, to the effect that the defendant's property cannot be seized by collecting officers, but that its liabilities must be enforced in equity.

At all events, the court is of opinion that the demurrer to the bill of complaint should be and it is overruled.