Louisville and Nashville Railroad Company v. Quinn, &c.

CASE 51—PETITION EQUITY—MAY 4.

# Louisville and Nashville Railroad Company v. Quinn, &c.

# Louisville and Nashville Railroad Company v. Wallace.

# Louisville and Nashville Railroad Company v. Welch.

MERE NON-USER IS NOT AN ABANDONMENT OF AN EASEMENT created by deed; but if there is an actual adverse user by the owner of the servient estate for fifteen years, the easement is extinguished.

Land condemned for railroad purposes was surveyed and the report of survey accepted by both parties, the railroad company taking possession of only so much land as was designated by the report of survey as that condemned. After fifteen years the company seeks to recover an additional strip of land, which it claims was included by the judgment in the condemnation proceeding, but, by mistake, omitted by the surveyor. *Held*—That the possession of the owner of the servient estate was adverse, and that the railroad company's right is barred.

HELM & BRUCE FOR APPELLANT.

Under section 1 of art. 5, chap. 71, General Statutes, the possession was amicable so long as the city held the property.

The city did not acquire the fee-simple title, but acquired only a public easement in the land condemned. (Kelly v. Donahoe, 2 Met., 482; Washington Cemetery v. Prospect Park, &c., R. Co., 68 N. Y., 593; Clark v. Worcester, 125 Mass., 230.)

But whatever may be the character of title acquired by the city in the condemnation proceeding, whether it be a title to the fee-simple in the land or only the title to an easement in the land, sec. 1 of art. 5, chap. 71, Gen. Stats., applies.

In construing a statute, the end sought to be accomplished, and the reason and spirit of the law will be considered. (Mason v. Rogers, 4 Litt., 377; Sams v. Sams, 85 Ky., 400; Bailey v. Commonwealth, 11 Bush, 691; Phillips v. Pope, 10 B. M., 71.)

Louisville and Nashville Railroad Company v. Quinn, &c.

MATT O'DOHERTY FOR APPELLEES.

The fifteen years statute furnishes a complete bar to the action. The statute applies as well in actions for *easements*, &c., as in other controversies about real property. (Ray v. Sweeney, 14 Bush, 1; Anderson v. Sterrett, 79 Ky., 499.)

Section 1 of art. 5, chap. 71, Gen. Stats., has no application.

CHIEF JUSTICE BENNETT DEIˑVERED THE OPINION OF THE COURT.

As the issues in these cases are similar, they will be heard together and disposed of by one opinion.

Prior to 1872, the Louisville, Cincinnati and Lexington Railroad Company's depot was on Jefferson street. In 1872, the city of Louisville agreed with the Louisville, Cincinnati and Lexington Railroad Company that it would give said company a right of way along the old bed of Beargrass creek, and grade it and fit it for use in consideration of said company surrendering to the city its right of way on Jefferson street. The city, pursuant to this agreement, by condemnation proceedings, condemned the right of way along Beargrass creek. The jury that tried the condemnation proceeding did not specify the number of feet condemned, but condemned the land "described in the petition and included the lines designating the extension of the railroad tracks." The verdict was accepted and recorded as thus returned, and judgment was rendered condemning the lands in the same terms. The land was surveyed by the city engineer, the lines were established and stakes set designating the lines, and the owners, the appellees, were shown the lines and stakes, as the lines of the right of way thus condemned. The en-

gineer returned to the court his survey, which was accepted, and the appellees accepted the survey as correct, and built their fences, and one of them a house on the line thus establised by the engineer. Said fences have remained on the said line ever since, and the appellees have held the actual adverse possession of said land up to said line and fences ever since, a period of more than twenty years; and the appellant, the vendee of the Louisville, Cincinnati and Lexington Railroad Company, as did its vendors, has held the land surveyed by said engineer ever since, and claiming no more as its right of way until within the last few years when it brought these suits. It contends by these suits that the appellee had obstructed its right of way by building fences, and the corner of a house about two feet on its right of way. But, as said, the evidence authorized the chancellor's opinion that the fences, &c., were built on the line made by the engineer, and that they have remained on said line ever since. But it may be, and it is probably true, that the engineer did not include land enough in the survey by the quantity now claimed. Therefore, the question is, does the acquiescence of the appellant and its predecessors in said survey, and the adverse holding of the land up to said line by the appellees for fifteen years and more, bar the appellant's right to it and vest the appellees with the appellant's title? It will be borne in mind that the appellant, or those under whom it claims the easement or dominant estate, never had the strip of land in controversy in possession, either actual or constructive; nor did it ever claim a right of easement.

therein until the present controversy arose, more than fifteen years after the condemnation proceeding.

But the appellees all the time held the adverse possession of the strip, and claimed it as their own, and as not included in the land condemned, all of which the appellant, and those under whom it claims, conceded until this controversy. Now the appellees' land was sold by the judgment of a court; they were vendors *in invitum*. The court took so much land by metes and bounds, and said to the appellees, this is the specified boundary of land that is taken from you; the balance of the tract up to this line is not taken; it is yours. The appellees accept the survey, and hold the adverse possession of the land up to the line thus fixed for more than fifteen years, claiming it as their own, and the court's vendees all the time concede the right. It seems that the error could only be corrected under the idea of mistake in the survey, and the time allowed for that has long since passed, and adverse possession for fifteen years has barred the appellant's right. It is well settled that the right to the dominant estate—the easement—may be extinguished by the renunciation of the party, either expressed or implied, as by permitting the owner of the servient estate to take the actual adverse possession of it, to build on it, and to use it in other respects as his own for fifteen years. While mere non-user will not be an abandonment of the easement, if it is created by deed, yet if the owner of the servient estate is permitted to hold the adverse possession of it fifteen years, the dominant interest will be extinguished. (See Taylor v. Hampton, 4 McCord, 96, and other

·cases cited in note 2, 6 Am. & Eng. Enc. of Law, page 147, and Jewett v. Jewett, 16 Barb. (N. Y.), 150, cited in the same note on page 148.)

As said, admitting that there was a mistake in making the survey, nevertheless the time has passed for correcting the mistake, and the appellees have been permitted to hold the adverse possession of the land for fifteen years and more, claiming it as their own, and the appellant all that time conceding their claim of right. It, therefore, seems to us that their claim ought to prevail.

The judgment is affirmed.