CASE 10—PETITION ORDINARY—JANUARY 28.

# Pollock v. Maysville & Big Sandy R. R. Co.

APPEAL FROM LEWIS CIRCUIT COURT.

1. ADVERSE POSSESSION—EXTINGUISHMENT OF EASEMENT.—One may acquire legal title to real estate by fifteen years' continuous adverse possession thereof so as to maintain an action of trespass; and if a purchaser of land holds it for that length of time adversely to all the world, a right of way previously granted through the same by his vendor to a railroad company, which had not been occupied by the company during that time, is extinguished.

2. EASEMENTS—FORFEITURE.—In a deed which grants a right of way through land to a railroad company, and further provides that if the company ceased to use the same for a railroad it should revert. to the vendor, there is an implied obligation upon the part of the company to construct the road within a reasonable time, and a delay of thirty-four years in constructing same will forfeit the right to the easement.

3. EVIDENCE.—The railroad company grantor's title being in issue and no competent evidence to support it, his deed to the company was not properly admissible in evidence to support the company's right of entry.

4. CRITERION OF DAMAGES.—The criterion of recovery in an action against a railroad company for trespass, is the actual value of the ground taken, and such sum as the taking of the same has decreased in value the remainder of the lot in question, and such further sum as the plaintiff may be damaged by the forcible entry upon his enclosure.

W. C. HALBERT FOR APPELLANT.
    (Brief withdrawn.)

WADSWORTH & COCHRAN FOR APPELLEE.

1. Appellant and appellee both claim under the same title, and ap-
    pellant is, therefore, estopped to deny that the party through
    whom they claimed had title at the time of the grant to the
    company of the right of way.
2. The appellant did not claim in his reply that the grant of the
    right of way had been barred by adverse possession, and, there-
    fore, any evidence tending to show the same was not competent;
    he simply denied in his reply the making of any such grant by
    the then owner of the lot.
3. The refusal of the court in its discretion to permit the appellant
    after all the evidence was in to file his reply introducing a new
    issue was proper; but the reply was not made a part of the
    record either by order, or bill of exceptions and can not be con-
    sidered by this court.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

In the original petition in this action filed by appellant
against appellee, October 8, 1889, it is substantially alleged:
That the plaintiff was the owner and in possession of a house
and lot of ground in the town of Concord, Lewis county,
Kentucky, the same being on the south side of Second street,
abutting thereon, in the lower or west end of said town, more
fully described in a deed from A. J. Harrison, sheriff of
Lewis county, to him, and made part hereof. The said deed
is dated May 23, 1873, and recorded in the Lewis county
clerk's office, and that plaintiff has been possessed of said
house and lot ever since that date, until the date of the
wrongs and trespass complained of. It is further averred
that said town of Concord is incorporated, and has been
for forty years last past, its streets having been laid out
and dedicated to the public all that time to be used and en-

joyed by the citizens and general traveling public; said Second street being one of them, which runs on the north side of plaintiff's lot aforesaid, and abuts thereon, and to the free and unrestricted use of said street plaintiff has an incorporeal franchise and right to same; and he charges that the defendant without right, during the year 1887, took possession of said Second street and appropriated it to its own use, and also a portion of said plaintiff's lot of ground adjoining and abutting on said street, and in violation of plaintiff's right and against his consent built and constructed its railroad track and bed for the entire distance through and along said Second street, and through and along the north side of plaintiff's lot of ground abutting on said street, and deprived him of a strip of his said lot of ground —— feet wide and —— feet long, excavating the ground up to and within less than two feet of his dwelling house situated thereon, making it liable to tumble down at any time and rendering it useless, and thus destroying his franchise and depriving him of ingress and egress to and from said house and lot by way of said Second street, and thus depriving his family and tenants from the use of said street as a passage for any and all purposes whatever, without great risk, danger and inconvenience, and that said defendant is still in possession of said Second street and said strip of ground against plaintiff's right; that plaintiff has ever since purchasing said house and lot in 1873, rightfully used said street as an easement to and from said house and lot, without let or hindrance, until defendant as aforesaid entered upon same and appropriated it to its own exclusive use and emoluments, and to plaintiff's great damage and inconvenience; and in addition thereto

Pollock v. Maysville & Big Sandy R. R. Co.

said defendant through its contractor, hands and servants dug up his said ground and lot, tore down his fences around same, destroyed his damson plum trees and scions and dug holes and planted telegraph poles on said lot, some thirty feet inside or about that distance from the line of its road-bed, and his lot being on sidling ground the cut and exca-vation made by defendant for its track or road is constantly causing his said lot or ground to slip and fall in and thus in-juring the remainder of said lot and ground all to plaintiff's damage in the sum of three hundred dollars, for which he prays judgment.

On the 25th of January, 1892, the defendant filed its an-swer.  The answer denied sufficient knowledge or informa-tion to form a belief concerning plaintiff's allegations that he is the owner and in possession of the house and lot mentioned in the petition, and a similar denial is made as to his pos-session and as to his lot abutting on said street.  It is also denied in substance that they did any of the acts com-plained of wrongfully or without right.

On the 18th of January, 1894, the plaintiff filed an amended petition, and corrects the original petition and avers in sub-stance, that he purchased and took possession of said house and lot long before the time stated in his original petition, to-wit., on or about the —— day of 1861, and he alleges in the amended petition that he purchased the said house and lot of Socrates Holbrook in the year 1861, who had purchased it at a sheriff's sale made by Seth Parker, sheriff of Lewis county, Kentucky, under a writ of *fieri facias*, which issued from the clerk's office of the Lewis Circuit Court in favor of M. E. Reeves & Co. against the estate of Jas. W. Brown, *et*

*al*, November 16, 1860, and sold on the third Monday in January, 1861, and then and there purchased by said Holbrook and by him sold and transferred to this plaintiff, and the deed referred to was made by A. J. Harrison, sheriff of Lewis county, in 1873, to this plaintiff; but plaintiff avers that he took immediate possession of said house and lot and has had it in his possession ever since his purchase from Holbrook, claiming and holding the same as his own against the defendant and the whole world under the purchase aforesaid, until the year 1887 when the defendant unlawfully and without right and against the will, consent and remonstrance of plaintiff, and with force and arms entered upon said lot and then and there committed the wrongs complained of in said plaintiff's original petition; and plaintiff now wishes to correct that allegation in his original petition wherein he says defendant built and constructed its railroad track and roadbed for the entire distance through and along said Second street, and through and along the north side of plaintiff's lot of ground, abutting on said street, and for connection states that defendant did not enter said Second street with its roadbed until it passed through said lot, and by reason of the said railroad track passing through said lot it was cut into two parcels, leaving about one-third between the railroad track and said Second street and the balance of the said lot above or south of the railroad track on the hillside with the house and improvements thereon, thus being entirely cut off and deprived of any ingress and egress to and from said Second street in the town of Concord, it being impossible for him or his tenants to cross from one part of said lot to another, or to go from the said

house to the public highway, street or town with wagon or team or other vehicle, thus rendering said house and lot almost worthless to him to his damage as set out in his original petition. Wherefore he prays as in his original petition, and for all proper relief.

On the 24th day of May, 1894, the defendant filed its answer to the amended petition, and by agreement the affirmative allegations of said answer were traversed of record.

The first paragraph of the aforesaid answer is a denial of sufficient knowledge or information to form a belief concerning the alleged purchase and holding set up in the amended petition. It also contained the denial that defendant unlawfully or without right, or against the will, consent or remonstrance of plaintiff, did the acts complained of. It is a further denial of the allegations that the construction of said railroad deprived plaintiff of any ingress or egress to the said Second street or of the town of Concord, or made it impossible for him or his tenants to cross from one part of said lot to another or to go from the said house to the public highway, street or town with wagon or team or other vehicle, or that the house or lot was thus rendered almost worthless or useless to him.

The second paragraph reads as follows: "The defendant for further answer to plaintiff's petition, says that before the entry and commission of the acts complained of in the petition, the defendant acquired from the then owner of said premises a right of way over same upon which to build and construct its said road by the execution and delivery to it by the then said owner a grant of said right of way, and the grant and entry complained of were all within the bounds of

the said right of way so granted to it, and these are the grievances complained of."

On the next day, to-wit, the 25th day of May, 1894, the plaintiff produced his reply, and offered and moved to file same, to which the defendant objected and the court having considered same, and being sufficiently advised, adjudges that said motion be overruled, to which plaintiff excepted. The reply reads as follows:

The plaintiff, L. T. Pollock, for reply to the second paragraph of defendant's answer, filed on May 24, 1894, setting up a right of way over plaintiff's lot, given by a former owner of the lot, to build and construct its railroad track through and across same, etc., denies that said grant or right of way, if given, as claimed by defendant, was or is good or valid in law, and binding on plaintiff herein, and if defendant had any such right of way or grant as claimed by him prior to the purchase and entry of plaintiff, then he pleads and relies on the statute of limitation in such cases made and provided for, for he says he had and held possession of said lot, claiming and holding the same adverse to the claim of the defendant and the whole world for more than fifteen years prior to 1886, at the time the acts and trespass complained of in plaintiff's petition and amended petition were committed, and that his right and possession barred the right and entry way of defendant and those under whom he claims, and plaintiff so pleads and relies herein. Wherefore, etc.

A jury trial resulted in a verdict and judgment for defendant.

Appellant's grounds for a new trial are in substance as

follows: 1st. The court erred in refusing to give to the jury instructions marked Nos. 1 and 2, offered by plaintiff. 2d. The court erred in giving to the jury instruction No. 3, asked for by defendant. 3d. The court erred in refusing to permit plaintiff to file his reply offered May 25th, and before the case was finally submitted to the jury. 4th. The court erred to the plaintiff's prejudice in permitting the defendant to read to the jury the alleged grant of right of way from Thos. G. Brown to defendant, being dated May 5, 1853. Plaintiff's motion for new trial having been overruled, he prosecutes this appeal.

Plaintiff's purchase and adverse holding of the house and lot in question from some time in 1861 up to the time of the trespass complained of in 1886 or 1887 seems to be established by his testimony, as well as by the sheriff's return, on the execution of Reeves & Co. against J. W. Brown & Bros., and the deed referred to in the pleadings, which evidence seems to be uncontradicted, and if this be true, it seems that appellant had the legal title to the land at the time of the entry and taking by appellee complained of.

The paper relied on by appellee as investing it with right of way through the property in contest is dated November 17, 1852, and seems to have been proven by the oaths of Charles B. Childs and Winslow L. Kidder, 9th day of April, 1853, and recorded in the Lewis county clerk's office, and reads as follows:

"Know all men by these presents, That we, for the purpose of securing the location of the Maysville & Big Sandy Railroad on the route through our lands, do hereby bargain, sell, lease, and convey unto the Maysville & Big Sandy Railroad

Company, all our right, title and interest, legal or equitable, in and to so much of our lands on which said railroad shall be located, as may be necessary for the location, construction, maintenance, and proper and convenient use of said railroad, hereby granting a full, free and uninterrupted right of way for said railroad through our said lands, so long as it shall continue to be used as a railroad; and releasing and relinquishing all claim for damages in consequence of the location upon, and use by said company of said lands for the purposes of their said road, to be held and enjoyed by said company for the purposes of their said road so long as it shall be continued, and used as a railroad, but no longer, the title and possession to revert to us upon the discontinuance of said railroad.

Witness our hands this 17th day of November, 1852. The railroad company to make and support a fence.

> SAMUEL STEVENSON,
> WILLIAM REA,
> JOHN LOVEL,
> THOMAS O. MERSHON,
> THOMAS L. BROWN,
> WILLIAM DRENNON.

November 17th, release as per order on town records through Second street in Concord.

> MORRIS A. BURNS,
> President of Town Council.

November 17th.   The railroad company to make and support a fence.

> JOHN CUMMINGS,
> JOHN PARKER,
> By JOHN W. HANNA,
> ALEXANDER SMITH,
> SOLOMON S. BEDINGER.
> JOHN M. STOUT.

Attest:   CHAS. B. CHILDS,
        WINSLOW L. KIDDER.

It seems to be the contention of appellee that appellant holds under Thomas L. Brown, and that his holding can not be adverse to appellee, who it is claimed holds a right of way from T. L. Brown.   Appellee is mistaken both as to the law and facts.   It does not appear that appellant purchased this land from T. L. Brown; nor does it appear that Socrates Holbrook, appellant's vendor, purchased the land as the property of T. L. Brown.   It is impossible to tell from the execution and sheriff's return and deed which one of the several defendants, if either, had any title to the lot in question; but even if it did appear that the land was sold as the property of T. L. Brown, appellee's assumed vendor, yet if appellant entered upon and took possession and by actual occupancy and inclosure held the property claiming it adverse, as he testifies he did; to Brown and to all other persons from 1861 until 1886, he thereby acquired the legal title to same.

In Farmer v. Lyons, 87 Ky., 421, it was decided where one has been in possession of land, although without title, claiming and using it as his own to a well defined marked boundary continually for fifteen years before the commission of a

trespass within his boundary, he may maintain an action therefor whether the trespass was committed outside or within his inclosure. To the same effect is the case of Sutton v. Pollard, 96 Ky., 640. The settled doctrine that a party may acquire legal title to real estate by adverse possession for fifteen years seems to be too well settled to require further citation of authorities.

Even if it be conceded that the so-called conveyance from Brown to appellee passed a right of way, yet that right of way might be extinguished by adverse possession. In L. & N. R. R. Co. v. Quinn *et al*, 94 Ky., 313, it is said: "It is well settled that the right to a dominant estate (the easement) may be extinguished by a renunciation of the party, either express or implied, as by permitting the owner of the servient estate to take the actual adverse possession of it, to build on it, and to use it in other respects as his own for fifteen years. While mere non-user will not be an abandonment of the easement, if it is created by deed, yet if the owner of the servient estate is permitted to hold the adverse possession of it fifteen years, the dominant interest will be extinguished. See Taylor v. Hampton, 4 McCord, 96, and other cases cited in note 2, 6 American and English Encyclopedia of Law, page 147; and Jewitt v. Jewitt, 16 Barbour N. Y., 150, cited in the same note on page 148."

So, if it had been established that Brown gave up the land to be sold under the execution, and the same was sold and bought and adversely held, as claimed, by appellant from 1861 until 1886, it is clear that the easement, if any, conveyed by the deed from Brown would have been extinguished, according to the facts as presented in this record. It will

be seen from the deed from Brown that it is provided that if the appellee ceased to use the right of way as a railroad it reverted to the vendor; and the deed in question seems to imply an obligation upon the part of appellee to construct the road within a reasonable time, and it can hardly be contended that thirty-four years is a reasonable time.

It is insisted by appellant that the court erred in allowing the deed from Brown to be read as evidence to the jury. It is difficult for a court to determine in what order a party should introduce his evidence or witnesses, and it may be assumed that it was expected that appellee would introduce testimony establishing Brown's right or authority to make the conveyance, which, however, it failed to do. The answer of appellee being traversed of record, put in issue the title of Brown to the lot in question, and there was no competent evidence introduced to show that Brown ever was the owner of the lot in question; hence the deed should not have been permitted to be considered as evidence in support of appellee's right of entry.

It results from the foregoing that the court erred in giving instruction No. 3, which it did give to the jury. It was equivalent to a peremptory instruction, and precluded the jury from considering plaintiff's claim of adverse possession. It was also erroneous for the reason no title in Brown had been shown, and as a consequence it follows that his conveyance passed no right of entry to the appellee.

We need not determine whether the reply offered to be filed constitutes a part of this record or not, or whether the court ought to have permitted appellant to file the same at the time it was offered; but upon the return of the case,

the plaintiff should be allowed to file a reply containing the plea of the statute of limitation, or any other legal pleas that he may desire; and in order that full justice may be done both parties, they should be allowed to further amend their pleadings, if they so desire.

The criterion of recovery in this case, if plaintiff shall be entitled to a recovery, is the actual value of his ground taken and converted to the use of the appellee; and such sum, if any, as the taking of said ground has decreased the value of the remainder of the lot in question; and such damages, if any, as he may be entitled to for the forcible entry or trespass upon his inclosure; in all not to exceed the amount claimed in the petition.

For the reasons indicated, the judgment of the court below is reversed, and the cause remanded with directions to set aside the verdict and judgment, and award appellant a new trial, and for proceedings consistent herewith.