Chicago, St. Louis & N. O. Ry. Co. v. Commonwealth.

---

CASE 33—ACTION BY AUDITOR'S AGENT IN THE NAME OF THE COMMONWEALTH OF KENTUCKY AGAINST THE CHICAGO, ST. LOUIS & NEW ORLEANS R. R. CO. AND ANOTHER, TO COMPEL THE ASSESSMENT FOR TAXATION OF CERTAIN OMITTED PROPERTY.—MARCH 25.

# Chicago, St. Louis & N. O. Ry. Co. v. Commonwealth.

### APPEAL FROM BALLARD CIRCUIT COURT.

FROM THE JUDGMENT DEFENDANTS APPEAL AND PLAINTIFF FILES CROSS APPEAL. REVERSED ON DEFENDANTS' APPEAL AND AFFIRMED ON CROSS APPEAL.

TAXATION—RAILROAD BRIDGE—SEPARATE FRANCHISE VALUE—VALUATION BY STATE BOARD—CONCLUSIVENESS—OMITTED PROPERTY—LIMITATION—REMOVAL TO U. S. COURT—ACTION BY STATE.

Held: 1. Where a railroad bridge is part of one system, built and operated under one charter, and owned by the same company as the railway line with which it is connected, it does not have a separate franchise value for the purpose of assessment for taxation.

2. Action of the State Board of Assessment and Valuation in fixing the valuation of property liable to assessment for taxation is conclusive alike on the State and on the property owner, after the expiration of the time allowed for hearing complaints.

Chicago, St. Louis & N. O. Ry. Co. v. Commonwealth.

3. Act May 23, 1890, which gives the right to the Commonwealth to institute actions to recover all taxes which have accrued or may accrue, and which can not be collected by the ordinary methods of distraint and sale, but provides that no action shall be instituted upon any claim for taxes that have been assessed more than five years, deals more directly with actions to recover taxes, where the assessment and levy have been made, than with cases of omitted assessments.

4. It is the policy of the law to put at rest stale demands, of whatever character, including demands for taxes.

5. Kentucky Statutes, section 2523, provides that the "limitations prescribed in this chapter" shall apply to actions by the Commonwealth, as well as to actions by private persons, except where a different time is otherwise prescribed. One of the actions mentioned in the chapter is section 2515—"an action upon a liability created by statute, when no other time is fixed by the statute creating the liability." Section 469 declares that the term "action" shall include all proceedings in any court in the Commonwealth. Section 4021 provides, *inter alia*, that "when any lands or improvements shall not be assessed in any one year it may be assessed retrospectively, in the manner provided by law, 'for that year, at any time not later than five years thereafter." HELD, that a proceeding to compel a taxpayer to list property for any one year, if not begun within five years from the time when it could first have been instituted, is barred.

6. A State is not a citizen, and an action by it is not removable into the Federal courts under Act Cong., August 13, 1888, 25 Stat., 433 [U. S. Comp. St., 1901, p. 508], which provides for removal of a suit "wholly between citizens of different States."

7. A proceeding commenced in the county court to cause the assessment for taxation of omitted property is not such an action as might have originally been commenced in the United States circuit court, and is not removable thereto.

J. M. DICKINSON, PIRTLE & TRABUE AND CORBETT & WHITE, FOR APPELLANTS.

JOHN W. RAY, FOR APPELLEE.

    (No briefs.)

OPINION OF THE COURT BY JUDGE O'REAR, REVERSING ON APPEAL AND AFFIRMING ON CROSS APPEAL.

This proceeding was instituted June, 1900, in the Ballard county court, by A. L. Shelbourne, auditor's agent, on behalf of the Commonwealth, against the Chicago, St. Louis

& New Orleans Railway Company and its lessee, the Illinois Central Railroad Company, to cause the assessment, as omitted property, of the franchise of the first-named railway company, represented by the net value of the intangible property in its bridge across the Ohio river, near Cairo, and known as the "Cairo Bridge." The taxes claimed were for the years 1893 to 1899, inclusive.

By an act of the Legislature of 1885-86 (page 1088, c. 446), the railroad companies named were authorized to build the bridge. It was done by the Chicago, St. Louis & New Orleans Railway Company, and became part of its line of road, the whole of which is being operated by the Illinois Central Railroad Company under a 400-year lease.

It is the contention of appellee that this bridge has a franchise value separable from the general franchise of the railway company. We think not. When a bridge is a part of one system, built and operated under one charter and owned by the same company as the railway line with which it is connected, it does not have a separate franchise value for the purpose of assessment for taxation. The whole scheme of such assessment, under our statute, contemplates the valuation of the franchises of railway companies as entireties.

It was shown by the facts in this case that the State Board of Assessment and Valuation had included the earning capacity and earnings of this bridge, together with appellant's other property and earnings, in arriving at the valuation placed upon the franchises of the companies for each of the years 1895 to 1899, inclusive. The record of the board's action was kept in a uniform manner during those years, and the taxes levied upon the valuation of the franchises, fixed as stated, were paid to the State by appellants before this proceeding was begun. Under the authority of

Coulter, Auditor, v. Louisville Bridge Co., 114 Ky., 42, 24 R., 809, 70 S. W., 29, we hold that the action of the board was conclusive, and, after the expiration of the time for hearing complaints for reduction, was binding alike upon the State and the railway companies.

For the years 1893 and 1894 the plea of the statute of limitation interposed by appellants must prevail. The act of May 23, 1890, held by this court, in Louisville Water Company v. Commonwealth, 18 R., 2, 34 S. W., 1064, and Commonwealth v. City of Louisville, 20 R., 893, 47 S. W., 865, to be yet in force, and not repealed by the chapter on "Revenue and Taxation" adopted November 11, 1892, is cited in argument by appellants as being applicable in part. It is as follows: "That the right and power is hereby vested in the Commonwealth to institute and maintain its action to recover all taxes which may heretofore have accrued to the Commonwealth, or which may hereafter accrue, and which can not be collected by the ordinary methods of distraint and sale. Said suits may be instituted in courts of equity jurisdiction for the purpose of enforcing the State's lien on property which, for any reason, can not be sold, or for the purpose of reaching intangible property which can not be otherwise reached; but no action shall be instituted or maintained under the provisions of this act upon any claims for taxes that have been assessed, or might have been assessed, more than five years before the commencement of the same." Railroad and other public service property had been held not subject to ordinary distraint for taxes. Louisville Water Co. v. Commonwealth, 89 Ky., 244 (11 R., 414), 12 S. W., 300, 6 L. R. A., 69; Same v. Hamilton, 81 Ky., 517 (5 R., 557); Clark v. Louisville Water Co., 90 Ky., 515 (12 R., 309), 14 S. W., 502. It was to meet this precise condition that the act quoted was en-

acted. This act really deals more directly with actions to recover taxes, where the assessment and levy have been made. Although it says that no action shall be instituted or maintained, under the provisions of the act, upon any claim for taxes which have been or might have been assessed more than five years before, the words "might have been assessed" are merely a recognition of the limitation elsewhere provided by the statute law of the State. What the Legislature was providing by the act just quoted was a means of coercing the payment of taxes by that class of property not subject to distraint. It is the policy of the law to put at rest stale demands, of whatever character. This applies as well to taxes as to other matters.

On the subject of limitations generally it is declared by section 2523, Kentucky Statutes: "The limitations prescribed in this chapter shall apply to actions brought by or in the name of the Commonwealth, in the same manner as to actions by private persons, except where a different time is prescribed by some other chapter in this revision." One of the actions mentioned in that chapter is (section 2515) "an action upon a liability created by statute, when no other time is fixed by the statute creating the liability." By section 469, Kentucky Statutes, in the chapter on "Construction of Statutes," it is provided: "The term 'action,' when used in this revision, shall be construed to include all proceedings in any court of this Commonwealth." By section 4021 it is provided: "The Commonwealth, and each county, incorporated city, town and taxing district, shall have a lien on the property assessed for the taxes due them respectively, which shall not be defeated by gift, devise, sale, alienation, or any means whatever, unless the gift, devise, sale or alienation shall have been made for more than five years before the institution of proceedings to enforce the

lien, and nothing shall be exempt from levy and sale 'or taxes and cost incident to the sale. When any lands or improvements shall not be assessed in any one year, it may be assessed retrospectively, in the manner provided by law, for that year, at any time not later than five years thereafter; but the lien thereby accruing shall not prejudice the rights of purchasers acquired in the meantime." The section of the general statute (the act of 1886) of which section 4021 is a re-enactment of and amendment to reads: "The Commonwealth shall have a lien for all taxes, and the counties for the county levy and other taxes due the county, on the property assessed, and on all other property of each person which shall not be defeated by gift, devise, sales, alienation, or by any means whatever, provided, the lien herein provided for shall not exist longer than five years." Chapter 92, art. 1, section 2, General Statutes. It will be noted that the subject in hand and under treatment by the sections last quoted is the one of the lien of the taxing district or State, even after the property has passed into the hands of others than the person owning it when it should have been assessed. The last clause of section 4021, referring to the power of the State to assess omitted property for back taxes for five years, must be understood as referring to that class of property. That section recognizes, as does the act of 1890, that the right to assess omitted property is limited to five years from the time when it should have been assessed. This limitation is found in sections 2523, 2515 and 469 of Kentucky Statutes, above quoted.

The cases of Louisville & Nashville R. Co. v. Commonwealth, 1 Bush, 250; McAlister's Executor v. Commonwealth, 6 Bush, 581; Baldwin v. Shine, 84 Ky., 502 (8 R., 496), 2 S. W., 164, and Louisville & Nashville R. Co. v.

Commonwealth, 85 Ky., 211 (8 R., 840), 3 S. W., 139, arose under statutes having different provisions, and when the policy of the State appears to have been different from that embodied in our present statutes. In the case of Louisville & Jeffersonville Ferry Co. v. Commonwealth, 108 Ky., 717 (22 R., 480), 57 S. W., 626, the question of the limitation applicable to proceedings to list omitted property was not involved, and, of course, was not intended to be decided.

We are of opinion that a proceeding to compel a tax-payer to list property for any one year is such a proceeding as is embraced by the statutes, supra, and, if not begun in the proper court within five years from the time when the action could first have been instituted, the State is barred of her right to thereafter maintain the action.

A question of practice is presented upon the record and argued, that we deem of importance to notice. After the service of the summons on appellants, they tendered their petition and bond to the county court, and moved to transfer the proceeding to the Circuit Court of the United States for the Western District of Kentucky, upon an allegation of diverse citizenship. It was asserted that the only necessary and actual parties to the litigation were Shelbourne, auditor's agent, a citizen of Kentucky, on the one side, and the Illinois Central Railroad Company, a citizen of the State of Illinois, upon the other. The value of the matter in dispute was over $2,000. We are of opinion that the act of Congress providing for the removal of causes from a State to the Federal court does not apply to this case. The Commonwealth of Kentucky is the real party plaintiff— the only one beneficially interested as plaintiff. A State is not a citizen, and actions by it are not removable under the act of August 13, 1888, 25 Stat., 433 [U. S. Comp. St., 1901,

p. 508].   Stone v. South Carolina, 117 U. S., 430, 6 Sup. Ct.,
799, 29 L. Ed., 962; *In re* Ayres, 123 U. S., 443, 8 Sup. Ct.,
164, 31 L. Ed., 216; Ferguson v. Ross (C. C.), 38 Fed., 161,
3 L. R. A., 322; Postal Tel. Cable Co. v. Alabama, 155 U.
S., 482, 15 Sup. Ct., 192, 39 L. Ed., 231.   Furthermore, this
proceeding was in the county court—a tribunal ex-
ercising ministerial as well as *quasi* judicial func-
tions in the matter of listing omitted ·property for as-
sessment.   Baldwin v. Shine, supra; Baldwin v. Hewitt, 88
Ky., 673 (11 R., 199), 11 S. W., 803.   It was not such an
action as might have been brought originally in the United
States Circuit Court, and was therefore an action of which
that tribunal has not jurisdiction.   The motion to transfer
was properly overruled.

The judgment of the county and of the circuit courts,
assessing the franchise value of appellants' bridge for the
years 1893 and 1894, is reversed.   The cross-appeal of the
Commonwealth and of Shelbourne, auditor's agent, because
of the refusal of the courts to list the property for the
years 1895, 1896, 1897, 1898 and 1899, is affirmed.   The
cause is remanded, with directions to dismiss the proceed-
ing.

Whole court sitting.

Petition for rehearing overruled.