CASE 39.—ACTION BY LOUISVILLE & N. R. R. CO., &C., AGAINST GEORGE SMITH TO RECOVER A STRIP OF LAND ON ITS RIGHT OF WAY.—April 17.

# Louisville & N. R. R. Co., &c. v. Smith

Appeal from McLean Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Judgment for plaintiffs. Defendant appeals. Affirmed.

1. Railroad Right of Way—Adverse Possession—Limitation— The law of adverse possession applies to railroad rights of way as well as to other classes of real estate. A railroad company's right of way is generally only an easement in land, an estate less than fee simple. If the fee simple can be lost by adverse possession, as it can be, necessarily every lesser estate embraced in or carved out of the fee simple, can also be tolled by it.

2. Same—Ordinarily it may be considered that the occupation of the unused part of a railroad right of way by the abutting owner of the servient estate to which it is attached, is not intended to be hostile or adverse to the company's claim and right. Yet if it is as a matter of fact hostile, adverse, denying the right of the railroad company, and asserting it in the occupant, and by the enclosure of it setting the rail-

Louisville & N. R. R. Co., &c. v. Smith.

road company out of possession, all of which continued for fifteen years, the statute erects a bar upon these facts, to a suit to recover from such occupant the land or any interest in it.

WILBUR F. BROWDER Attorney for Appellants.

HENRY L. STONE, BENJAMIN D. WARFIELD and REUBEN A MILLER of Counsel.

Title to railroad rights of way cannot be acquired against the railroad company by adverse possession.

## AUTHORITIES CITED.

Civil Code, section 83; Sale, &c. v. Crutchfield, &c., 8 Bush, 646; Woolfolk v. Ashby, 2 Met., 288; Kincaid v. McGown, 88 Ky. 91; Bryant v. Stephens, &c., 26 Ky. Law Rep., 718; Greer v. Meges, 24 How., 263; L. & N. R. R. Co. v. Quinn, &c., 94 Ky., 310; M & B. S. R. Co. v. Holton, 100 Ky., 665; Pollard v. M. & B. S. R. Co., 103 Ky., 84; Payton v. L. & N. R. R. Co., 115 Ky., 53; Floyd v. L. & N. R. R. Co. 24 Ky Law Rep., 2127; Brown's Admr. v. L & N. R. R. Co., 97 Ky. 228; Embry v. L. & N. R. R. Co., 18 Ky. Law Rep., 434; Thornton v. L. & N. R. R. Co., 19 Ky. Law Rep., 96; Chouteau v. Mo. Pac. R'y Co., 122 Mo., 375, 22 S. W., 458; Venable v. Wabash Western R. Co., 112 Mo., 103; Chicago, &c. R. Co. v. Titterington, 84 Tex., 218, 31 Am. St. Rep., 39; Chicago, &c., R. Co. v. Swinney, 38 Ia., 182; Randall v. Texas, &c., R. Co., 63 Tex., 586, 22 A. & E. R. Cases, 102; Ottumwa, &c., R. Co. v. McWilliams, 71 Ia., 164, 39 A. & E. R. Cases, 544; Canty v. Latternar, 31 Minn., 239, 15 A. & E. R. Cases, 380; Mills on Eminent Domain (2 Ed.), section 71; Tideman on Real Property, section 116; Washburn on Real Property (5th Ed.), 203; Nye v. Taunton Br. R. Co. 113 Mass., 277; McGhee v. Wilson, 111 Ala., 615; Pilcher v. A. T. & S. F. R. Co., 38 Kansas, 516, 5 Am. St. Rep., 770 United States v. Jones, 109 U. S., 513; Boom Company v. Patterson, 98 U. S., 403; Cooley's Constitutional Limitations (5th Ed.), p. 648; Rowan v. Portland, 8 B. M., 232; Cornwall v. L. & N. R. Co., 87 Ky., 72; Kentucky Statutes, section 2546; Tenn. & Coosa R. Co. v. East Ala. R. Co., 75 Ala., 516; Sou. Pac. R. Co. v. Burr, 86 Cal., 279; Sou. Pac. R. Co. v. Hyatt, etc., 20 A. & E. R. Cases (N. S.), 576 (Cal.); J. M. & I. R. Co. v. Oyler, 5 A. & E. R. Cases, 379 (Ind.); I., P. & C. R. Co. v. Rayl, &c., 62 Ind., 424; Graham v. St. L., I. M. &

vol. 125—22.

Louisville & N. R. R. Co., &c. v. Smith.

S. R. Co., 24 A. & E. R. Cases (N. S.), 527 (Ark.); Ala. Mid R. Co. v. Brown, 98 Ala., 657; Sou. Ry. Co. v. Cowman, 129 Ala., 577; Barlow v. R. I. & P. R. Co., 57 Ia., 276; U. P. Ry. Co. v. Kindred, 43 Kan., 134; Railway Co. v. Allen, 22 Kan., 285; Sapp v. N. C. Ry. Co., 51 Md., 115; Rockdale Canal Co. v. Radcliffe, 83 Eng. C. L. Rep., 287; McClelland v. Miller, 28 Ohio St., 428; Lane v. Kennedy, 13 Ohio St., 42; Peck v. Clark, 19 Ohio St., 367; Railroad v. French, 100 Tenn., 209; Railroad v. Tilford, 5 Pickle. (Tenn.), 295; Purifoy v. R. & D. R. Co., 108 N. C. 100; Car C. R. Co, v. McCaskill, 94 N. C. 746; Thompson v. L & N R. Co., 110 Ky., 973; Haffendorfer v. Gault, 84 Ky., 124; Jones on Easements, section 281; Jones on Easements, section 211; Jones on Easements, section 283; Sheaffer v. Eakman, 56 Penn. St., 144; Sweet's Law Dictionary, Title "Possession;" Bouvier's Law Dictionary, Title "Adverse Possession;" Elliot on Railroads, 3, section 938; Ballard v. L. & N. R. Co., 9 Ky. Law Rep., 523; Hook v. Joyce, 94 Ky., 450; Giltner v. Trustees of Carrollton, 7 B. M., 681; Alves v. Henderson, 16 B. M., 168; Covington v. McNickle, 18 B. M., 262; Kentucky Statutes, sections 2546 and 2547; Ames v. San Diego, 101 Cal., 390; Piatt County v. Goodell, 97 Ill., 84; Bedford v. Willard, 133 Ind., 562; Bedford v. Green, 133 Ind., 700; Hoadley v. San Francisco, 50 Cal., 265; People v. Pope, 53 Cal., 437; County of Yolo v. Barney, 79 Cal., 375; Board of Education v. Martin, 92 Cal., 209; Mowry v. Providence, 10 R. I., 52; Chicago v. Middlebrook, 143 Ill., 265; Sims v. Frankfort, 79 Ind., 446; Lou. Ice Mfg. Co. v. New Orleans, 43 La. Ann., 217; Vicksburg v. Marshall, 59 Miss., 563; Williams v. St. Louis, 120 Mo., 403; Price v. Plainfield, 40 N. J. Law, 608; Driggs v. Philips, 103 N. Y., 77; Philadelphia v. Phila., &c., Rd. Co., 58 Penn. St., 253; Simmons v. Cornell, 1 R. I., 519; Crocker v. Collins, 37 Sou. Car., 327; Yates v. Warrentown, 84 Va., 337; Latham v. Commercial Bank, 8 Dana, 119; Thompson v. Waters, 25 Mich., 227, s. c. 12 Am. Rep., 243; People v. LaRue, 67 Cal., 526; Brown v. Hogg, 14 Ill., 219; Old Colony R. Corp v. Evans 6 Gray (Mass.), 25.

WM. B. NOE, WALTER G. NEWTON for appellee.

We contend that abutting owners or others may acquire title to railroad right-of-way by adverse possession, or holding.

FACTS AGREED IN THIS ACTION.

1. That the appellee, George Smith, has held, used, occupied, controlled and kept under fence the strip of land in controversy in this action for the statutory period of fifteen years next before the commencement of this action.

Louisville & N. R. R. Co., &c. v. Smith.

2. That he is the owner by purchase of the whole of lot number 96 in the town of Livermore, Kentucky, from W. J. Rowan; that the strip in controversy is a part of said lot number 96; that W. J. Rowan put him in possession of the whole of said lot, including the strip in controversy, and that he has held, used, claimed, occupied, controlled and kept under fence the whole of said lot for the statutory period of fifteen years next before the commencement of this action.

### AUTHORITIES CITED.

Section 195, Constitution of Kentucky; Section 2505 Kentucky Statutes; Floyd v. L. & N. R. R. Co., 25 Ky. Law Rep., 2147; Pollard v. Maysville & Big Sandy R. R. Co., 103 Kentucky, 84; L & N R. R. Co. v. Wallace, et. al., 94 Kentucky, 310; L. & N. R. R. Co. v. Quinn, 100 Kentucky, 677; L. & N. R. R. Co. v. Wilson, 85 Kentucky, 504.

OPINION OF THE COURT BY JUDGE O'REAR—
Affirming.

The Owensboro & Russellville Railroad Company was chartered in 1867 and empowered to run its line of railroad through McLean county. It was authorized to acquire a right of way of not more than 60 feet in width. The railroad was built about 1868. The right of way extends through the town of Livermore, in McLean county. In 1872 W. J. Rowan by deed conveyed to the Owensboro & Russellville Railroad Company a strip of ground in the town of Livermore, containing about .02 of an acre, being a strip about 27 feet wide along the edge of Rowan's lot. This strip constituted a part of the right of way upon which the road was built, the right of way at that point being not more than 60 feet wide  Subsequently the Owensboro & Russellville Railroad Company's title was conveyed to the Owensboro & Nashville Railway Company, the present owner of the railroad line. The railroad tracks did not occupy the

whole of the right of way. Rowan inclosed in the boundary of his lot a part of the strip which he had conveyed to the railroad company, but which was unoccupied by the railway tracks. Subsequently, in 1887, he sold and conveyed the lot so inclosed to appellee Smith, who has continuously since claimed and used the whole lot to the extent of his inclosure adversely to the whole world. In 1903 the railroad company brought this action in ejectment against Smith to recover that part of the right of way which was within his inclosure, being a strip of land in the town of Livermore, beginning 848 feet north of milepost 21, running thence parallel with appellant's railroad track in said town on the east side of the track, a distance of 163 feet, and being 9.2 feet wide at the south end, and 11.3 feet wide at the north end of the strip. Defendant, George Smith, pleaded the 15 years' statute of limitation in bar of the plaintiffs' right of recovery. The question to be decided is: Does the statute operate as against a railroad company concerning its right of way?

It is claimed by appellant that the question is an open one in this State, and that upon principle, and authority elsewhere, such statutes are not applied to adverse possession of railway rights of way by abutting landowners or others. The trend of the argument is that with respect to its right of way the railroad company owns only an easement, which it holds on behalf of the general public; that it could not alienate, voluntarily, its right of way, so as to divert its use to other purpose than those to which it was dedicated, and because of the same legal restraint could not do so involuntarily. There are a number of cases from other jurisdictions which hold to this doctrine, though we have been unable to dis-

cover, either by their examination or otherwise, a sufficient reason for a refusal to apply a plain statute to such cases, which by its terms admits of no such exception. It is said that the statutes of limitation raise the presumption of a previous grant from the rightful owner to the person in adverse possession, which has become lost, and that where the presumption cannot exist, as where the rightful owner could not legally have executed such grant, the presumption fails, and the statute, unsupported by its reason, cannot apply. Anciently the plea of limitation was based upon the suggested presumption. It was a fiction of the law invented to relieve from frequent hardships resulting from the inevitable loss of evidence by death and the lapse of time. But the modern statute of limitation does not rest upon that, or any other fiction. It is the fiat of the Legislature, which cuts off the right to maintain the suit. It is founded in no sense upon the ancient fiction of a supposed grant. It rests upon the wise public policy that favors peace, the settlement of disputes out of court, and the repose of conditions which the parties suffered to remain without question so long as to indicate an acquiesence in them by all concerned. Nothing is presumed, or required to be presumed, in aid of the statute. When the circumstances admit of its application, it is all-sufficient that the party relying upon it invokes it.

Cases in this court are cited as opposed in effect to this reasoning, where we have held that neither an individual nor the public could acquire an easement in the nature of a passway, along or across a railway right of way (Brown's Adm'r v. L. & N. R. R. Co., 97 Ky. 228, 30 S. W. 639, 17 Ky. Law Rep. 145; Embry v. L. & N. R. R. Co., 36 S. W. 1123, 18 Ky. Law Rep. 434; Thornton v. L. & N. R. R. Co., 39 S.

W. 694, 19 Ky. Law Rep. 96; and C. & O. Ry. Co.
v. Perkins, 47 S. W. 259, 20 Ky. Law Rep. 608).
That doctrine is not in conflict with the one here
applied. Such easements are neither conferred by, nor
are they protected by, statutes of limitation. They
are titles by prescription, and depend upon the lapse
of time to ripen them into perfect rights. While the
courts have adopted a period equivalent to the statu-
tory period of limitation affecting suits to recover
possession of real estate, such statutes do not apply,
and are not applied in these cases. The fiction of a
grant and its loss are still adhered to, and, in cases
where the circumstances shown are such as to nega-
tive the presumption of a grant by the title holder,
the presumption cannot, of course, apply. It is on
this principle that the court has held that easements
upon railway rights of way could not be acquired by
prescription, as the grant of such an easement by
the railroad corporation upon its own easement would
be incompatible with the powers conferred upon, and
the duties required of, the corporation by its charter.

Cases are cited from other jurisdictions to the effect
that the statutes of limitation do not apply to an
adverse holding of a public highway or city street.
It is freely admitted that a contrary doctrine obtains
in this State, and has from its earliest history.
Rowan v. Portland, 8 B. Mon. 232; Cornwall v. L.
& N. R. R. Co., 87 Ky. 72, 9 Ky. Law Rep. 924, 7
S. W. 53. We have not deemed it of enough import-
ance to trace to the end the basis of the decisions
from abroad. Perhaps they rest upon the notion that
statutes of limitation do not apply to the sovereign;
and by analogy it may be reasoned that as the rail-
roads in a state are engaged in serving the public as
common carriers, and in that character are clothed

with the extraordinary power of exercising eminent domain—an attribute of sovereignty—in virtue of which the rights of way were acquired, statutes of limitation ought not to run against their right to use property so acquired and held. In this State, the sovereign is not exempt from the effect of the statutes of limitation. They apply to the State as they do to the individuals. Section 2523, Ky. Stats., 1903; Chicago R. R. Co. v. Commonwealth, 115 Ky. 278, 72 S. W. 1119, 24 Ky. Law Rep. 2124; Commonwealth v. Nute, 115 Ky. 239, 72 S. W. 1090, 24 Ky. Law Rep. 2138. If the State itself is not exempt from the operation of such statutes, it would be difficult to find a reason for holding that one of its creatures, upon whom it had conferred the right to take private property for public use, should be exempt on the ground that it was serving the State in its holding and use of the property.

Appellants contend that a railroad corporation can acquire land for right of way only to the extent allowed by its charter, and can use it for no other purpose; that therefore, when the charter allows it to acquire 60 feet width of land, only 20 of which it has any present use for, it can only hold a right of future use in the remaining 40 feet; that, until such time as its necessities require it to build tracks upon the residue of the strip, its right is dormant, subservient to the rights of the owner of the fee to use the unoccupied portion in any manner not inconsistent with the company's right; that such use by the owner of the servient estate is merely permissive and not hostile. The whole argument is addressed to the status of the fact. It is entirely probable that such use by the abutting owner, who is owner of the servient estate, would not be hostile, but would be in

recognition of the title of the railroad company. But such is not necessarily the fact, nor is it a presumption of law. The law of adverse possession applies to railroad rights of way, as well as to other classes of real estate. Pollock v. M. & B. S. R. R. Co., 103 Ky. 84, 44 S. W. 359, 19 Ky. Law Rep. 1717; L. & N. v. Wallace, 94 Ky. 310, 22 S. W. 221, 15 Ky. Law Rep. 83. A railroad company's right of way is generally only an easement in land—an estate less than the fee simple. If the fee simple can be lost by adverse possession, and it can be, necessarily every lesser estate embraced in or carved out of the fee simple will also be tolled by it. The statutes of limitation are general statutes, indicative of a public policy of the State of great importance to society. They apply alike to everybody not excepted by them, and are suspended in their operation only in the instances which they expressly allow. Notwithstanding, the question does arise as to what is in fact an adverse possession, a matter not defined by statute, and which the courts must define. A life tenant, for example, is not deemed an adverse holder to the remainderman. Nor is one tenant in common deemed an adversary of his co-tenants. Still, they may in fact become so. So, ordinarily, it may be considered that the occupation of the unused part of railroad right of way by the abutting owner of the servient estate to which it is attached is not intended to be hostile or adverse to the railroad company's claim and right. Yet if it is as a matter of fact hostile, adverse, denying the right of the railroad company, and asserting it in the occupant, and by the inclosure of it setting the railroad company out of possession, all of which is continued for 15 years, the statute erects a bar upon these facts to a suit to recover from such

occupant the land, or any interest in it. The facts in the case at bar justify the application of the rule to the case.

The judgment of the circuit court, applying the statute of limitation, is therefore affirmed.