## City of Grayson et al. v. Eastern Kentucky Southern Railway Company.

(Decided June 2, 1933.)

JESSE K. LEWIS for appellant.

JOHN M. THEOBALD for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Grayson is a town of the fifth class, having a population of about 1,000. The city in June, 1931, passed an ordinance for the improvement of what is called in the record Depot street and Third street, at the cost of the adjoining property owners. The Eastern Kentucky Southern Railway Company brought this action to enjoin the construction of the streets under a contract made pursuant to the ordinance, on the ground that the streets had not been established and ran over the property of the railway company without right. On the final hearing of the case, the court entered judgment in favor of the railway company. The city appeals.

The railway company owns a parcel of land in the city approximately 300x600 feet, on which its depot, shops, scales, turntable, toolhouse, yards and other railway equipment were situated. This tract lies north of Main street. The railway track is on the east side of the tract; the depot on the west side of the railway track. Railroad street runs parallel with the railway track and east of it 63 feet from the center line of the main track. To enable persons to get to the depot from Main street, the railway company for many years has allowed persons to drive over its lot up to the de-

pot and beyond, and some of these persons turned up Third street, which runs parallel with Main street, if they wish to go westward. Third street was improved down to the alley, which ran on the east side of the railway property, but the western half of this square of Third street was not improved. The proposed ordinance was for the construction of an asphalt pavement 16 feet wide from Main street up to Third and out Third to the alley. All of this would be on the property of the railway company, and, if the street was made 50 feet wide, it would take in part of the depot and even the pavement 16 feet wide would occupy ground that in all these years the railway company has used for purposes of its own. While the ground was not inclosed and people who wanted to could drive over it, the railway company has all the time used it for its different purposes and no street has in any way been established there. While the public would drive there and the traveled path varied from time to time, for the reason that when one track got muddy people would drive elsewhere, so far as the record shows the use of the property all the time was simply permissive. It is true a sidewalk was constructed on the west boundary of the railway land next to some lots that had been sold off, but who constructed this sidewalk does not appear. Apparently it has been there for many years.

The railway company lost no right to its property by suffering persons to drive over it to its depot or for other purposes. Private property may not be taken for public use without just compensation. The city has never in any way established as a street of the city the way in controversy. The title to the land has always remained in the railway company, and the railway company held this land, just as it held its right of way, for the purposes for which it was created. In Louisville & N. R. Co. v. Hagan, 141 Ky. 20, 131 S. W. 1018, 35 L. R. A. (N. S.) 189, the court thus stated the rule as to such use of a railroad right of way by others:

"There is necessarily a distinction between a railroad right of way and the property of a private person as to the presumption of a grant. A private person holds his land for his private purposes. The railroad holds its right of way for public purposes. When a railroad has taken a right of way, either by condemnation or by purchase, on the

ground that it is necessary for the business of the road, it is not presumed that it has granted to others property that was required for public purposes. It is a matter of common knowledge that in this country persons walk over and along railroad tracks at many points, and that the railroads permit this so long as it does not interfere with their business. But this merely permissive use of their rights of way and tracks gives such persons no legal right to a passway over them.''

This was followed and approved in Louisville & N. R. Co. v. Cornelius, 165 Ky. 140, 176 S. W. 964, 968, where, on facts very similar to those here, holding that the railroad had lost none of its rights, the court said:

"In the instant case, the passway in controversy was situated between the junction of the two divisions of appellant's railroad and its former passenger station, and at a place where three tracks were required and used for the transaction of the company's business. It is hardly conceivable that the railroad company would grant an easement over its tracks at such a place.''

To same effect see Louisville & N. R. Co. v. Davidson's Adm'r, 246 Ky. 231, 54 S. W. (2d) 911.

In Harmon v. Lay, 169 Ky. 132, 183 S. W. 459, 460, where as here it was shown that the city had at times repaired a bad condition of the way, the court said:

"While this showing, if uncontradicted, and if accompanied by a dedication, would no doubt be sufficient to prove an acceptance by the city of this ground as a public street, it is not enough by itself to divest Chestnut of his title, and invest same in the city. There must be both a dedication and an acceptance, and either or both may be express or implied. Kentucky Statutes, sec. 3561; Dilllon's Municipal Corp. sec. 642; Hall v. Leeper [Ky.] 121 S. W. 683. But proof of an implied dedication 'must be clear and conclusive, before the land of a citizen will be taken for public use without compensation, and acceptance of the dedication is as necessary.' Spurrier v. Bland, 49. S. W. 467, 469, 20 Ky. Law Rep. 1340, 1342.''

In Thompson v. Louisville & N. R. Co., 110 Ky. 979,

63 S. W. 42, 43, 23 Ky. Law Rep. 476, 96 Am. St. Rep. 472, the rule was thus stated:

"To create the presumption of a grant of the right of way, the circumstances attending its use must be such as to make it appear that its use was accompanied by a claim of right, or by such acts as manifest an intention to enjoy it without regard to the wishes of the railroad company."

To same effect, see 51 C. J. p. 618, sec. 287.

The proof here is not sufficient to show that use of this way by any one was against the wishes of the railroad company. The land was a part of the depot grounds. It holds its depot grounds just as it holds its right of way, for public purposes, and there is the same reason for holding that there is no presumption of a grant to others inconsistent with the rights of the railway company. For the first duty of the railway company is to serve the public.

The circuit court therefore properly held here that the railway company had lost none of its right to the land and that the city was without power to open a street through it and construct it at the expense of the abutting property owners without the consent of the railway company.

City of Paducah v. Katterjohn, 235 Ky. 222, 30 S. W. (2d) 207, rests upon section 3094, Kentucky Statutes, which is a part of the law governing second-class cities. But there is no such provision as to the fifth-class cities. The rights of fifth-class cities must be determined under the law without reference to' that section.

In Louisville & N. R. Co. v. Smith, 125 Ky. 336, 101 S. W. 317, 31 Ky. Law Rep. 1, 128 Am. St. Rep. 254, the adjoining landowner had fenced in part of the right of way and so had been in the exclusive hostile possession of the land for more than fifteen years. There was no hostile exclusive possession here. While the lot owners under the deed from the railroad company had a right of passway here, the deed conferred on right on the town.

Judgment affirmed.