JUDGE HARDIN
delivered the opinion of the court.
In 1857 Darlin and Clark purchased from Samuel Black and others three undivided interests of one seventeenth part each of two tracts of land in Pulaski County, one of them containing one hundred and fifty acres and the other fifty acres; and on or about the 3d of October, 1859, they became the owners by purchase and a conveyance from Lindsey Colyer of a further undivided interest in said tracts, and for some part of the consideration executed to Colyer their note for fifty dollars, which . Colyer assigned to the appellee, Williams, who brought a suit thereon against Darlin and Clark for the enforcement of the vendor’s lien.
A judgment was rendered in the action directing a sale of the land mentioned in the petition, but not defining any particular part or interest therein as the subject of sale, and the commissioner of the court, in attempting to execute the judgment, appears by his report to have sold both tracts to the plaintiff; the larger one for twenty dollars, and the other for ten dollars.
The sales were confirmed, and a commissioner appointed to convey the title to the purchaser. Subsequently the appellant, S. S. Bush, exhibited his petition, claiming to own by purchase from Cyrenius Waite all the interests in the lands which Darlin and Clark had owned; Waite having purchased the same under executions against Darlin and Clark, which were levied before the institution of said suit, although the sales were not made till after the action was commenced. He sought to vacate the sale for want of jurisdiction in the court and for irregularity in the proceedings, and to be allowed to discharge the lien by payment of the appellee’s debt; and the court having dismissed his petition, he has appealed to this court.
*407 The first question to be decided is, was the judgment of sale void for want of jurisdiction?
Section 29 of the Civil Code provides that “the courts of justices of the peace shall have jurisdiction exclusive of the circuit court, but concurrent with the quarterly court, of all actions and proceedings for the recovery of money or personal property where the matter in controversy, exclusive of interest and costs, does not exceed fifty dollars in value, and in other cases specially provided by statute.”
But by section 25 it is declared that “the title of real property or slaves shall not be affected by any judgment or order of a quarterly court, or of any court of similar or inferior jurisdiction, although collaterally brought in issue.” And the 18th section confers original jurisdiction on the circuit courts in “all actions for the enforcement of civil rights or redress of civil wrongs, except where exclusive jurisdiction is given to other courts.”
The debt not exceeding fifty dollars, it is insisted for the appellant that the jurisdiction of the circuit court was expressly excluded by said section .29; but as the remedy sought necessarily affected the title to land, the inferior courts were themselves excluded by said section 25, and the appellee was deprived of an important legal right, unless the circuit court had jurisdiction of his case. But as we construe section 18, supra, jurisdiction in the circuit court obviously resulted from the exclusion from the inferior courts of the plaintiff’s remedy to enforce the lien, although the sum of his demand did not exceed fifty dollars.
But though the judgment of sale was not void, and we must regard the appellant as a purchaser .pendente lite, and legally affected with notice of the action, notwithstanding the executions under which his vendor purchased were *408 levied before tbe action was brought, yet he was not concluded by the judgment as to his rights not derived through or under the sale and conveyance from Lindsey Colyer; and the judgment and sale appearing to -have been erroneously prejudicial to those rights, the petition in the same court to be relieved from the injury was the appropriate remedy; and as the sale embraced the interests of the appellant which were not liable to the appellee’s claim as well as that which was, the judgment and sale should have been set aside, and, if necessary, the court should have correctly adjudged a sale of the particular interest in the land which was subject to the vendor’s lien.
Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.