## Dickerson v. Wm. Goocey, County Judge.

(Decided September 18, 1913).

### Appeal from Lee Circuit Court.

1. Land—Condemnation Proceeding—County Court Without Jurisdiction to Try Title.—In a proceeding in the county court to condemn land for a railroad right of way, answer having been filed by each claimant asserting sole ownership in the land, and denying title in the other, and a jury had assessed the damages for the right of way, the county court undertook to determine the rights of the adverse claimants of the land to the fund and to dispose of it as those rights might appear to that court, when ap-

pellant filed in the circuit court a petition for a writ prohibiting the county court from trying the issue as to title, and asking a transfer of the action to the circuit court. Held, the county court being without jurisdiction to try the question of title, the writ should have been granted, and it was error to sustain a demurrer to the petition.

2.  Land—County Court Without Jurisdiction to Try Title—Transfer to Circuit Court.—Except in the matter of land partition and condemnation the statutes confer no jurisdiction upon the county court that relates directly to land, and in partition and condemnation it is clear that the county court jurisdiction does not go to the title of the land involved. Upon motion of either party the county court should have transferred to the circuit court this cause when the damages were assessed in order that the circuit court might try the question of title and dispose of the fund accordingly.

THEO. B. BLAKEY for appellant.

SAM HURST, H. L. WHEELER, G. W. GOURLEY and J. F. SUTTON for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

This action had its beginning in a condemnation proceeding instituted by the Louisville & Nashville Railroad in the Lee County Court to procure a railroad right of way. The proposed line ran through a tract of land to which the appellant and the heirs of one Sewell each made claim adverse to the other. All the claimants were parties to the condemnation proceeding in the county court, and served with summons. Answer was filed by each claimant asserting sole ownership of the land, and denying any title thereto in the other. In due course a jury assessed the damages for the right of way at $650. There is no complaint as to the amount of the damages, or the regularity of the proceedings to this point. But when the county court undertook to determine the rights of the adverse claimants to the fund assessed as damages, and to dispose of it as those rights might appear to that court, the appellant, Dickerson, filed in the Lee Circuit Court a petition for a writ prohibiting the appellee, as judge of the county court, from proceeding to try the issue between the claimants as to which the damages belonged. The petition further prayed that the appellee be directed to transfer to the circuit court the case and all the papers relating to it. Appellee demurred to this petition, and it was sustained by the lower court.

The rightful claimant to this fund can not be determined without making inquiry into the land title; that is, it is necessary to try the issue as to ownership of the land in order to make any disposition of the fund. The question is, therefore, presented of the jurisdiction of the county court to try the issue of title to the land. If the county court has such jurisdiction the lower court properly sustained the demurrer, and the remedy for the party aggrieved is by appeal. If the county court is without jurisdiction the writ of prohibition should be granted.

The county and quarterly courts, presided over by the same judge, are of limited jurisdiction, and are confined to matters in which it has been conferred by statute.

Section 1052 of the Kentucky Statutes expressly provides that in any action in the quarterly court "the title to any real estate involved therein shall not be affected thereby." This section also provides that if the title to real estate becomes involved during the pendency of an action in the quarterly court it shall be the duty of the court on motion of either party to transfer the cause to the circuit court.

Except in the matter of land partition and condemnation the statutes confer no jurisdiction upon the county court that relates directly to land, and in partition and condemnation it is clear that the county court jurisdiction does not go to the title of the land involved. Section 499, of the Civil Code, gives to the circuit and county courts concurrent jurisdiction of actions for partition of land, and governs the practice in such cases, but by sub-sections 10 and 11 of section 499, of the Code, provision is made for their transfer to the circuit court for trial in the event the rights claimed to the land are contested in the county court.

Rights of way for railroad purposes secured by condemnation are easements merely, and except for the easement the title remains in the land owner. Sections 835 to 840 of the Kentucky Statutes, inclusive, prescribes the means whereby this easement or right of way may be condemned over private property and put to public use in the shortest time possible, consistent with, and saving the rights of the owners. By these statutes jurisdiction is conferred upon the county court to condemn the right of way for public use, and assess the damages the owner or owners thereof may be entitled to receive.

While these statutes make no provision for a transfer from the county to the circuit court for trial of issues of title that may arise between rival claimants as an incident, yet they do not even by inference confer upon the county court jurisdiction to try them. Since the county court can exercise no jurisdiction other than that conferred by statute it is clear that when the appellee, as county judge, was proceeding, as his demurrer and brief admits, to dispose of the damages assessed by trying the right of claimants to the land, he was exceeding his jurisdiction.

The Lee Circuit Court has exclusive jurisdiction to try that question. Section 966, of the Kentucky Statutes, confers upon circuit courts "original jurisdiction of all matters, both in law and equity, of which jurisdiction is not exclusively delegated to some other tribunal, and shall have jurisdiction in all cases where the title to land is in question." That this jurisdiction of the circuit court is exclusive is recognized by the cases of Craig v. Garnett, 9 Bush, 97, and Bush v. Williams, 6 Bush, 405. Quoting from the 9 Bush case, supra, we have this language, "* * * Circuit Courts have jurisdiction in all actions except where exclusive jurisdiction is given to other courts, it results that the circuit courts must have jurisdiction where the remedy sought necessarily affects the title to land, because of the exclusion of that remedy from the inferior courts." The case of Hunt v. Phillips, 105 S. W., 445, is to the same effect, and this language is used, "It is not the purpose of the statute that questions of title shall be settled by the county court."

Reasons of analogy, as well as section 499, of the Code, require that upon motion of either party, or upon his own motion the county court should have transferred to the circuit court this cause when the damages were assessed in order that the circuit court might try the question of title and dispose of the fund accordingly.

In reaching these conclusions we have not been unmindful of the force of appellee's argument that since the county judge had unquestioned jurisdiction of the subject matter, it was his duty to try all issues arising in the litigation. The jurisdiction of the county court to condemn the right of way and assess the damages is unquestioned, but it has no semblance of jurisdiction to try an issue in which the title to land is so directly involved as this.

Entertaining these views, the judgment of the lower court is reversed, and the cause remanded, with directions to issue the writ.