## Jones v. Thomasson.

(Decided May 26, 1914.)

### Appeal from Franklin Circuit Court.

1. Wills—Construction of—Vested Remainder.—Where a testator devised his property equally to his children for their natural lives "and after their death to their children," the grandchildren took a vested estate in remainder, and if any of them died childless and intestate his remainder passed under the statute of descent and distribution; but any of them had the right to sell or devise his remainder.

2. Wills—Construction of—Vested Remainder.—Where a will devises property to one for life with remainder to his children, without naming them, or to his children, naming them, the children take a vested remainder that is the subject of sale and disposition by devise, and in the absence of sale or disposition, it passes under the statute of descent and distribution.

3. Wills—Construction of—Contingent Remainder.—When a testator devises property for life with remainder to the "heirs" of the life tenant, the heirs take a contingent remainder, and this estate is likewise vendible and saleable and may be disposed of by will or sold under execution, but the person who thus takes from

the remaindermen only gets a contingent interest that may be defeated by the death of the remainderman before the death of the life tenant.

FRANK CHINN for appellant.

O'REAR & WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The question in this case depends on the construction of so much of the will of James Dawson as reads as follows: "The balance of my property, real personal and mixed, I will shall be equally divided among all my children, to-wit: Zerilda Cook, Elizabeth Ellis, Nancy M. Bradley, Sarah E. Lyon, Albina Jones and Miriam Darnaby for and during their natural lives, free from the control of their husbands, and not to be liable for their debts, and after their death to their children." Under this will the devisee, Albina Jones, the appellant here, received twenty acres of land. She had two daughters, Lucy and Sue Jones, and no other children. Lucy died several years ago, intestate and unmarried, and Sue died about two years ago, childless, after having married the appellee, Weller Thomasson, to whom she willed all of her property. The appellant, Albina Jones, claims that upon the death of her two children, childless, she became invested with the fee-simple title in the twenty acres of land; while it is insisted for the appellee, Weller Thomasson, that his deceased wife, Sue Jones, had a vested, vendible interest in an undivided one-half of the land in remainder, to which he became entitled as the devisee under her will.

The lower court adjudged that, "Albina Jones is the owner for the period of her natural life of the twenty acres of ground described in the petition, and the owner of the fee-simple title subject to her life estate in the one-half of said land which she received by inheritance from her daughter, Lucy Jones. And it is further adjudged that the defendant, Weller Thomasson, is the owner of the other undivided one-half of the said twenty acres, subject to the life estate of the plaintiff, Albina Jones, therein, which one-half was passed to him by the will of his deceased wife, Susan Jones Thomasson."

Of this judgment Albina Jones complains, and urges on this appeal, as she did in the lower court, that Weller Thomasson did not take any interest in the land under

the will, and that she is entitled to the fee in the whole thereof.

It will be observed that the will does not make any provision for the disposition of the estate in the event of the death of the children of the devisees. It simply provides that each devisee should take an estate for life, and that after the death of the devisee, his share should go to his children.

It is conceded that the children of the devisee took an estate in the land, but it is argued that the estate was a defeasible fee in remainder which was defeated by their death before the death of their mother, and that upon their death, the mother, Albina Jones, became entitled to the whole estate.

In behalf of the appellee, Thomasson, the argument is made that the will created a life estate in the children of the testator, with a vested interest in remainder in his grandchildren, and that this estate in remainder having vested in them immediately upon the death of the testator, it could not subsequently be divested by the mere incident of their death before the death of the life tenant.

It seems quite evident under the authorities that the grandchildren did take a vested estate in remainder, and this being so, it is difficult to perceive upon what ground a sound argument can be rested that they could be divested of this estate by their death before the death of their mother. Having taken a vested estate, this estate could be subjected to the payment of their debts and might have been deeded or devised to them; or, if either of them died intestate, his part would pass under the statute of descent and distribution, as did, for example, the share of Lucy, which her mother inherited under the statute upon the death of Lucy, the owner of the remainder, childless and intestate.

When the remainderman dies intestate during the existence of the life estate, the owner of an estate that has been derived under a will that makes no provision for the disposition of the estate upon the death of the remainderman, it passes under the statute of descent and distribution, unless the remainderman has disposed of it by a will, but if the remainderman has disposed of it by will, then of course it would go as directed in the will. If it passes under the statute, the takers step into the place of the remainderman, and so with the devisee under the will.

There is nothing in this will to indicate that the testator intended that the ordinary rules governing the rights of the owners of a vested remainder should not be applied. It may be true, as suggested by counsel for Albina Jones, that the testator desired that the estate should not be diverted to strangers, and doubtless if he had thought that his grandchildren would die before their mother, he would have added some provision saving to his blood the estate; but as the clause in the will under consideration is free from ambiguity, there is no room for that construction, and the estate must take the ordinary course.

In Campbell v. Hinton, 150 Ky., 546, Ned Hinton, by his will, devised all of his property to his wife, with the provision that "at her death what of it that is left is to go equally to my heirs at law; my object is to keep my property in the Hinton family. I will to my son John Hinton twenty-five dollars in addition to a home with my wife if he wants to live there; this is in addition to his rightful share of my estate after the death of my wife."

After the death of the testator his son, John Hinton, who was his only child, died, of age, and before his mother. After the death of his mother, the life tenant, a controversy came up between the kindred of Ned Hinton and her kindred as to the ownership of the property. It was insisted for her kindred that John took a vested remainder which at his death passed to his mother and at her death to them; while it was maintained by the kindred of Ned Hinton that John Hinton took a contingent remainder, which was defeated by his death before his mother, and that at her death the property passed to them under the will of Ned Hinton; but we held that John Hinton took a vested remainder which at his death passed to his mother, and at her death to her heirs. There is no material difference between that case and this.

Another case in point is Weil v. King, 104 S. W., 381. In that case the devise was to the widow for life, and after her death to her children. In holding that the children took a vested estate in remainder, although there was no devise over, we said: "Enjoyment, however, was uncertain, in as much as the life tenant might live longer than the remainderman, as did happen in the case of the grandchildren; but this did not affect the

vested character of the estate, for there was no vesting over or other contingency by which the estate was to be determined. Charles Moore having no vested estate in the property, it passed to his mother at his death."

In Hackney v. Tucker, 121 S. W., 417, the testator provided that "E. McLeod and Martha, my daughter, shall have two hundred acres of land in the west side of my land and the rest is my wife's, and at her death is to fall back to them." After the death of the testator, Martha died before her mother, and the question was, what estate did Martha take in the land? And we said: "We find that the testator conveyed the lands in question to his wife, and upon her death to E. McLeod and Martha, the testator's daughter. Thus the wife was given a life estate, while E. McLeod and Martha were given the remainder interest. As the persons to take were certain, and as they had the present capacity of taking possession if the possession should at any time become vacant, there can be no doubt that they took a vested remainder. The fact that through subsequent contingencies not provided for by the testator the land devised went to parties other than those who the testator intended should have his property is no reason for giving to the will a construction different from that which the language itself plainly indicates. If such a rule of construction were to be adopted, the meaning of a will would be determined, not by the language employed, but by unforeseen contingencies not provided against by the testator. In the case before us the language of the will is plain and certain. It is not susceptible of two constructions." And the court held that upon the death of Martha without other heirs capable of inheriting, her interest in the estate passed to her mother. To the same effect are: Cruse v. Cruse, 147 Ky., 313; Fischer v. Stoepler, 152 Ky., 317.

These cases seem conclusive of the one at bar.

Lucy had a vested estate, and when she died, intestate and childless, it passed, under the statute of descent and distribution, to her mother. Sue had a vested estate, and upon her death, testate, it passed to the person to whom she devised it.

The rule is well settled that where the devise over is to the children of the life tenant, although they may not be named, or to the children, naming them, they take a vested estate in remainder; but if the devise over is to

the "heirs" of the life tenant unless the word "heirs" means children, the heirs take only a contingent remainder subject to be defeated by their death before the death of the life tenant: Williamson v. Williamson, 18 B. Mon., 329; White's Trustee v. White, 86 Ky., 602; Leppes v. Lee, 92 Ky., 16; Mercantile Bank of New York v. Ballard, 83 Ky., 481; Grayson v. Tyler, 80 Ky., 358; McAllister v. Ohio Valley Banking & Trust Co., 114 Ky., 540; Tanner v. Ellis, 127 S. W., 995.

The judgment is affirmed.