## Keown v. Brandon.

(Decided December 9, 1924.)

### Appeal from Ohio Circuit Court.

1. Vendor and Purchaser—Deficiency in Land Conveyed Must be at Least 10 Per Cent to Secure Deduction from Purchase Price.—Deficiency in quantity of land conveyed must be at least 10 per cent to secure deduction from purchase price.

2. Eminent Domain—Railroad Condemning Land for Right of Way Takes Only Easement.--Railroad condemning private property for right of way takes only easement therein.

3. Eminent Domain—Owner of Land Taken for Public Road Surrenders Only Easement which Ceases on Termination of Public Use.--When land is taken for public road it remains property of owner subject to easement of public which ceases on termination of public use.

4. Vendor and Purchaser—Land Occupied by Railroad and by Public Road Not to be Considered as Deficiency in Land Conveyed.—In computing deficiency of land conveyed to determine reduction of purchase price, refusing to consider land occupied by railroad and by public road as part of deficiency was proper.

OTTO C. MARTIN for appellant.

BARNES & SMITH for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

R. J. Brandon sold and conveyed to Roy F. Keown for $4,500.00, a tract of land containing, as recited in the deed, 154 acres. Brandon brought this action against Keown to enforce payment of the notes executed for a part of the consideration. Keown filed answer alleging that there were only 127 acres of land in the tract, as he had learned by a survey made since he accepted the deed, and he prayed a credit on the notes for the deficiency. The allegations of the answer were controverted, proof was taken and on final hearing the circuit

court entered judgment in favor of the plaintiff for the amount of the notes. The defendant appeals.

By a survey made after the suit was brought, which the circuit court adopted as correct, the quantity of land in the tract was shown to be 141.10 acres, but this included four acres covered by the right of way of the M. H. & E. R. R. Co., and also one acre covered by the right of way of a public road running across the tract. It will be observed that the deficiency is less than 13 acres if the land occupied by the rights of way referred to is included in fixing the quantity of land in the tract. The rule is well settled that in cases of this sort the deficiency must be as much as ten per cent in order to warrant a deduction therefor, on the ground that the parties must, in such cases, always contemplate some reasonable variations in surveys. This reasonable variation has been fixed by this court at ten per cent. So the question presented here is simply whether the land covered by the rights of way referred to should be included in determining the quantity in the tract.

The railroad company being unable to agree with the owner of the land filed a petition in the county court to condemn the right of way. A judgment was entered in its favor in that case and a deed was made to it for the right of way by the commissioner under the order of the county court. The railroad was built and the road was in operation when Keown bought. In Dickinson v. Goocey, 154 Ky. 687, this court thus stated the rule as to the effect of such a deed:

"Rights of way for railroad purposes secured by condemnation are easements merely, and except for the easement the title remains in the landowner. Sections 835 to 840 of the Kentucky Statutes, inclusive, prescribes the means whereby this easement or right of way may be condemned over private property and put to public use in the shortest time possible, consistent with, and saving the rights of the owners."

This opinion is in accord with the weight of authority, East Alabama Railway Co. v. Doe, 114 U. S. 340; L. & N. R. R. v. Quinn, 94 Ky. 310.

"When a railroad company takes by eminent domain a strip of private land upon which to lay its tracks and operate its trains, it acquires ordinarily

only an easement in the land so taken. And the owner retains the right to make use of the land in any manner not inconsistent with the safe and convenient operation of the railroad." 22 R. C. L., p. 859, section 112.

It is well settled that when land is taken for a public road the land remains the property of the owner subject to its use by the public and that he only surrenders to the public an easement which ceases when it ceases to be used by the public. Waller v. Syck, 146 Ky. 181.

It results that the circuit court properly held that there was only a deficiency of 12.90 acres, and this being less than ten per cent judgment was properly entered for the plaintiff.

Judgment affirmed.