## Wiser, et al. v. Shacklett.

(Decided March 27, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Appeal and Error—Objection that Evidence was Secondary May Not be First Urged on Appeal.—That evidence of plaintiff's marriage and of execution of deeds and wills was but secondary may not be urged on appeal, in absence of objection or exception at time of its admission.

2. Process—Return of Officer in Foreclosure Suit Cannot be Collaterally Attacked, in Absence of Pleading of Fraud or Mistake.—Defendant in ejectment may not collaterally attack officer's return of service in foreclosure proceedings under which plaintiff claimed, in absence of allegation of fraud or mistake in view of Ky. Stats., section 3760.

3. Adverse Possession—Title Not Acquired by Gathering Fruits and Herbs and Cultivating Small Portions of Land.—That defendant, after foreclosure sale, had occasionally gone on land to gather fruit and herbs, and one or two years had cultivated small portions of the land, held insufficient to establish title by adverse possession, particularly in absence of proof of owner's knowledge of such trespasses.

4. Mortgages—That Mortgagee After Foreclosure Sale did Not Procure Writ of Possession Held Not to Leave Adverse Possession Continuous.—That mortgagee, after foreclosure sale and execution of commissioner's deed, never procured writ of possession, held not to have effect of leaving mortgagor's adverse possession continuous, in view of Ky. Stats., section 491.

5. Judicial Sales—Commissioner's Deed as Effectively Divests Owner of Title to Land as Owner's Own Deed Could.—Commissioner's deed pursuant to judgment of court having jurisdiction is as effective to divest owner of interest in land as his own deed could be.

6. Adverse Possession—Transferor of Property Remaining in Possession Presumably Holds Under, and Not Against, Transferee. —Constructive possession of land is in holder of title, and when owner remains in possession after conveyance of his title either by himself or by court of competent jurisdiction, he presumably

holds under and not against his transferee, unless and until he brings home to such transferee that he is holding adversely.

WM. McKEE DUNCAN for appellants.

J. WHITCOMB WELCH and BURNETT, BATSON & CARY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant, George Wiser, acquired title to the 12 acres of land involved in this action, under the will of his father, Davis Wiser, who died about 1890. Thereafter he executed a mortgage on same to one Henry Brockman to secure a loan. The loan not having been paid at maturity, Brockman enforced his lien against the property, and became the purchaser at the decretal sale thereof. The sale was confirmed, a deed executed to him for the property by the commissioner on the order of the court, and same was approved by the court.

Brockman died intestate, a resident of Jefferson county, and in the division of his estate between his two children, Ernest F. Brockman and Ivy Brockman, this 12-acre tract of land was conveyed by the latter to the former.

Ernest Brockman married the plaintiff in this action, to whom, upon his death, he devised the 12 acres of land here involved. Subsequently his widow married, and her name is now Corinne Shacklett.

Some two or three years ago, Wiser built a cabin upon the land, whereupon Mrs. Shacklett instituted this action in ejectment against him and his wife to dispossess them.

Upon the trial below, plaintiff proved her marriage to Ernest Brockman by his sister, who was at the marriage, and introduced the county court records by the county clerk, to prove the execution of the deeds and wills referred to above, together with the entire record in the foreclosure suit of Henry Brockman against Wiser.

As Mrs. Shacklett and Wiser both claim title through the latter's father, Davis Wiser, it is obvious that this proof, if competent, established the title of record in the plaintiff, and it is not contended otherwise, but it is earnestly insisted that the court erred, at the completion of all of the evidence, in directing a verdict for the plaintiff and in refusing to direct it for the defendant.

In support of this contention, it is urged for the appellant that the evidence introduced by plaintiff in proof of her title was not the best, but secondary evidence in so far as her marriage to Brockman and the execution of the deeds and wills referred to are concerned.

A sufficient answer to this contention is found in the fact that there was neither objection nor exception to the introduction of any of this evidence.

The next contention is that the judgment in the foreclosure procedure against defendant and his wife was void because they were not served with process in that case. Plaintiff, however, introduced the summons and the officer's return thereon, in which it was certified that same was executed upon both the defendant and his wife. Such a certificate, by express provision of section 3760 of the statutes, cannot be collaterally attacked, as is the attempt here, except upon the allegation of fraud of the party benefited thereby, or mistake upon the part of the officer.

As there was no such allegation here, it is apparent that there is no merit in this contention, and that the trial court did not err in refusing to let the defendant testify that summons was not served upon him and his wife in that action.

The next contention is, that defendant, by his evidence, proved a continuous, actual, adverse possession of the land since the death of his father, and for more than the statutory period required to ripen same into title.

Prior to the erection of the cabin on the land, shortly before the institution of this action, defendant did not live upon the land or do more than go upon same occasionally to gather fruit and herbs, except in one or two recent years when he cultivated small portions of the land, and of these trespasses there is no proof of knowledge by the plaintiff.

Hence, he did not prove title by adverse possession. But it is insisted that as plaintiff never procured a writ of possession after the execution of the commissioner's deed to Henry Brockman in 1893, his possession of the land, thereotfore adverse to plaintiff, had never been interrupted, and that, as a consequence, he has continued in the adverse possession of the land since, just as he was before, the execution of that deed.

This is to us a novel contention, that not only seems obviously without merit upon principle, but to be in conflict with section 491 of the statutes, which provides that:

"All deeds of bargain and sale, deeds to stand seized to use, deeds of release and deeds of trust shall be held to vest the possession of the grantor in the grantee to the extent of the estate intended to be conveyed."

That a commissioner's deed, made pursuant to a judgment of a court having jurisdiction of the subject matter and the parties, is as effective to divest a prior owner of his every interest in the land as his own deed could be, cannot be open to doubt. Constructive possession is in the title holder of the land, and when the title of an owner is conveyed, whether by himself or a court of competent jurisdiction, and he remains in possession thereafter, he presumably holds under and not against his vendee, unless and until he brings home to his vendee the fact he is holding and claiming adversely. See Travis v. Bruce, 172 Ky. 390, 189 S. W. 939, and the cases there cited.

Appellant does not appear ever to have lived upon the land or had actual possession of any of it until after his erection of the cabin thereon, shortly before the institution of this action, and the court did not err in refusing to direct a verdict for him upon either the hypothesis that plaintiff failed to prove a record title thereto, or that he proved title by adverse possession.

Wherefore, the judgment is affirmed.