# Clark et al. v. McGrann.

(Decided June 3, 1938.)

JOHN S. DEERING for appellants.

L. SAUNDERS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—'Affirming.

This is an appeal from a judgment of the Jessamine Circuit Court. The appellants are Mrs. Arizona

2

Clark and her five children. The appellee entered into a contract to purchase a certain tract of land, but has refused to accept a deed or pay for the property on the sole ground that appellants cannot convey the fee simple title to the property. Appellee expresses a willingness to take the property if he can secure title thereto. The only question, therefore, is whether or not the appellants are in a position to make an invulnerable conveyance.

Louis Sutton died testate a resident of Jessamine County. Having no children of his own, he had reared his wife's niece Arizona Clark. By his will he left all of his personal estate to his wife and also devised to her a life interest in all of his real estate. Mrs. Sutton has conveyed her life interest in the property involved in this suit to Arizona Clark. The only portion of Mr. Sutton's will material to the controversy recites as follows:

"Fourth: At the death of my said wife, I will and devise to my wife's niece, Arizona Clark, for and during her life sixty acres of the farm which I now own, situated on the Danville, Lancaster, and Nicholasville, Turnpike, purchased by me from James- K. Price and others, which is to be laid off on the south side of said farm, so as to include the improvements. At the death of said Arizona Clark, said land is to go to her bodily heirs. I also will and devise to the said Arizona Clark, the sum of Two Thousand Dollars, which is to be paid out of my estate after the death of my wife."

Devoid of all surplusage, the devise is to Arizona Clark, for and during her life, and at her death to her bodily heirs. It is urged by appellants that the words "bodily heirs" are to be construed as synonymous with "children," and, from this premise, it is insisted that the children of Arizona Clark have a vested remainder in the property subject to open up on the remote contingency that Arizona Clark should have another child or children, and that, she being over sixty years of age, the purchaser is willing to take his chances on this occurrence.

We are unable to agree with the premise upon which appellants base their argument. In Bentley v. Consolidation Coal Company, 209 Ky. 63, 66, 272 S. W. 48, 49, it is said:

"The rule in this state is that, where there is a devise over to the children of the life tenant, whether it be to them as a class, or whether they be named, they take a vested estate in remainder; but if the devise over is to the 'heirs,' or the 'heirs of her body,' or 'legal heirs,' unless it may be ascertained from the instrument that those terms are used in the sense of children, the heirs take only a contingent remainder, which may be defeated by their death before the death of the life tenant. Jones v. Thomasson, 159 Ky. 196, 166 S. W. 1001; Kendrick v. Scott, 200 Ky. 202, 254 S. W. 422."

There is nothing in the will before us from which we could reasonably infer an intention to use the words "bodily heirs" other than in their technical sense. On the contrary, in the fifth clause of his will, the testator devised a portion of his real estate "to the children of my deceased brother Edward Sutton" and "to the children of my deceased brother Allen Sutton." Evidently, he had in mind a distinction between the words "bodily heirs" and the word "children," and did not use the terms synonymously. The will must be construed as written, and we can find no basis to interpret it in accordance with the contention of the appellants.

Section 2345 of the Kentucky Statutes provides:

"If any estate shall be given by deed or will to any person for his life, and after his death to his heirs, or the heirs of his body, or his issue or descendants, the same shall be construed to be an estate for life only in such person, and a remainder in fee simple in his heirs, or the heirs of his body, or his issue or descendants."

Unless the term "bodily heirs" can be construed to mean "children," which, as we have seen, cannot be done in the case before us, it is obvious that the estate in the heirs, under the statute, is a contingent remainder. Walker v. Irvine's Ex'r, 225 Ky. 699, 9 S. W. (2d) 1020. It is not possible to ascertain who may be the bodily heirs of the life tenant until her death.

The judgment of the chancellor is in conformity with the views here expressed. He recited in his judgment that: "At the death of Arizona Clark the title of said land shall vest in fee to her children then living and to her grandchildren and it is so adjudged." Con-

ceivably, some question might be raised in the future as to the proper construction to be placed on these words in the method of distribution of the interests of those taking the remainder. We construe the judgment to mean that the remaindermen will take per stirpes, and not per capita. This is undoubtedly what the learned chancellor meant by the words he used.

Judgment affirmed.