## Smith et al. v. Burchell.

June 2, 1944.

A. D. Hall for appellants.

T. T. Burchell for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON— Affirming.

The petition in this action alleged that the appellee was the owner of a described tract of land, in his constructive possession by virtue of a deed from the Commissioner of the Clay Circuit Court, and that the appellants, Clarence R. Smith and Will Smith, had entered on the land and cut timber of the value of $200. Judgment was prayed for the value of the timber and injunctive relief from further trespass.

The appellants filed answer and counterclaim, by which they admitted cutting timber of the value of $200 but denied that the appellee was the owner of the land. They also pleaded that appellant Clarence R. Smith was the owner of the land and in possession thereof and prayed that his title be quieted.

The Commissioner's deed under which the appellee claimed title was not filed as an exhibit with the petition but the appellants made a motion that the appellee be

required to file the deed and make it a part of the record. The appellee complied with this motion and the deed was made a part of the record by order. The court thereupon sustained a demurrer to the answer and counterclaim and, when the appellants declined to plead further, adjudged the appellee to be the owner of the land and awarded him $200 damages for the timber which had been cut.

On this appeal it is contended that the court erred in entering judgment in the absence of proof. The effect of this contention is, as a matter of course, that the demurrer to the answer and counterclaim was erroneously sustained since, if no defense was stated, the appellee was entitled to judgment of the face of the pleadings.

We think the court correctly sustained the demurrer. In the Commissioner's deed, under which the appellee claimed title and which was made a part of the record at the request of the appellants, the appellant Clarence R. Smith was a grantor. Having conveyed the land to the appellee, a fact shown by the record, a general denial of the appellee's ownership and title was unavailing—it was incumbent on Clarence R. Smith, the appellees' grantor, to plead in avoidance of his deed. A transferror of property remaining in possession presumably holds under, and not against, his transferee. Wiser v. Schacklett, 208 Ky. 317, 270 S. W. 754; Watlington v. Kasey, 293 Ky. 382, 168 S. W. 2d 988.

The appellant Clarence R. Smith having conveyed the land to the appellee, the presumption is that he was holding it under, and not against, the appellee. It was incumbent on him to rebut this assumption by pleading facts sufficient for the purpose. Having failed to do so, the court properly sustained the demurrer to his pleading and, upon his failure further to plead, properly entered judgment against him. Nor was there any issue as to the amount of damage. The answer admitted cutting timber of the value of $200 and judgment was properly entered for this amount.

Affirmed.