## ROSE et al. v. BRYANT et al.

Court of Appeals of Kentucky.

Oct. 10, 1952.

Grannis Bach, Steve C. Bach, Jackson, J. Douglas Graham, Campton, for appellant.

Leebern Allen, E. E. Bach, Campton, for appellee.

CLAY, Commissioner.

This suit involves the construction of a deed and certain property rights ensuing therefrom.

In 1870 James Rose conveyed real estate to his son Clay Rose. The significant part of the deed with which we are concerned provided:

"* * * I have this day granted bargained and sold and do by these presents grant bargain sell and convey unto the said Clay Rose his heirs and assigns to him the said Clay Rose during his life and *at his death to his children if any,* if none, then in that event to revert to his surviving brothers and sisters in equal proportion, * * *." (Our italics)

The grantee was twice married and had a number of children. Some died prior to his death without issue. A daughter died prior to his death, survived by six children.

During his lifetime Clay Rose and his wife undertook to convey parcels of this property in fee to others. The surviving children and the children of the deceased daughter brought this action to have the court adjudge that they were the exclusive owners of the land. The Chancellor decided that the children of Clay Rose who died prior to his death without issue had vested remainders in the property, which by virtue of intestate succession were inherited by him and his wife as parents. It was, therefore, adjudged that Clay Rose and his wife had the right to convey the inherited interests in the land. It was also adjudged that W. T. Bryant owned a fee simple interest in a part of the property which had been condemned by a railroad company and subsequently conveyed to him by it.

Unquestionably Clay Rose was granted only a life estate under the provisions of the deed above quoted. The principal issue is whether or not the remainders granted "to his children if any" vested in his then living and thereafter born children during his lifetime, or whether the remainders were contingent upon their surviving him as life tenant. The question seems to be settled by the decisions in Jones v. Thomasson, 159 Ky. 196, 166 S.W. 1001, and McCoy v. Ferguson, Jr., 164 Ky. 136, 175 S.W. 23. In both of those cases a similar problem was involved with respect to similar language in both a will and a deed, and it was decided that the children of the life tenant took vested rather than contingent remainders. In the cases cited by appellants, the language used in the instruments granting or devising real estate clearly expressed the intention that the remainders should take effect only in the event the children survived the life tenant.

■■ We think the Chancellor correctly determined that the children of Clay Rose who died without issue prior to his death had vested remainders in the property which, upon their dying intestate, were inherited by their parents under KRS 391.-010. Likewise the children of the deceased daughter inherited that daughter's share.

■ The next question is whether or not the wife of Clay Rose, in executing the deeds with him, conveyed her interests in the property which were after acquired by virtue of inheritance. While in certain instances a wife signing a deed with her husband may be a party to the transaction only for the purpose of releasing her dower, we think the legal effect of her acts was to constitute her a grantor the same as her husband. Since Clay Rose had only a life estate in the property, she had no dower interest, and her execution of the deeds with covenant of general warranty could be for no other purpose but to relinquish such title as she may have had or should subsequently acquire. The Chancellor's judgment was correct in this respect also.

■■ With respect to the claim of W. T. Bryant, it appears that in 1901 the Ohio and Kentucky Railway Company condemned a parcel of this property and a deed was executed to it by the commissioner of the Wolfe County Court. The right-of-way so condemned was subsequently abandoned by the railroad. Thereafter the receiver of the company undertook to convey this strip to W. T. Bryant. It appears well settled that a deed executed pursuant to condemnation proceedings by a railroad company conveys only an easement in the property, and upon abandonment of the easement, the land reverts to the grantor or his successors in title. See Dickerson v. Goocey, County Judge, 154 Ky. 685, 159 S.W. 539; Keown v. Brandon, 206 Ky. 93, 266 S.W. 889; Mammoth Cave National Park Ass'n v. State Highway Commission, 261 Ky. 769, 88 S.W.2d 931. In adjudging W. T. Bryant the owner of the property conveyed by the receiver of the railroad company, the court was in error.

The judgment is affirmed except insofar as it adjudicates the title of W. T. Bryant, and as to him, it is reversed with directions to enter a judgment in conformity with this opinion.