Boone ROSE et al., Appellants,

v.

W. G. HOLBROOK et al., Appellees.

Court of Appeals of Kentucky.
March 2, 1956.

Grannis Bach, Jackson, for appellants.

Leebern Allen, E. E. Bach, Campton, for appellees.

MONTGOMERY, Judge.

W. G. Holbrook and his wife filed an action against Boone Rose, et al., seeking to recover a contribution in the sum of $3,000 for improvements placed on land and for insurance, taxes, and interest. Appellants claimed rent in the sum of $2,025 by counterclaim. Judgment in the sum of $1,102 was rendered in favor of appellees. Both parties have appealed.

Appellees received a deed with general warranty of title from J. M. Dunn and wife for a small tract of land in Lee City, a small community in Wolfe County, on April 20, 1938. Within the next two or three years, they built a store building, rebuilt the barn, repaired the house, and made other improvements. They either occupied or rented the property until 1954. During this period, appellees paid the taxes and carried insurance on the buildings part of the time.

Appellees claimed to own the property in good faith by mesne conveyances from Clay Rose. They previously had purchased the property in 1929 and had sold it in 1931 to J. M. Dunn, later their grantor. Appellants sought to defeat the claim of good faith by showing that it was common knowledge in the community that one Clay Rose had only a life estate in the property. He had conveyed it by deed with general warranty of title in 1905.

Clay Rose, from whom appellants derived their title, was conveyed a life estate in the property here invoved, together with other real estate, by his father, James Rose, in 1870. This deed was construed in Rose

v. Bryant, Ky., 251 S.W.2d 860. In affirming the lower court judgment, it was held that Clay Rose had a life estate in the land and that he and his wife had acquired title to an undivided one-fourth interest therein which inured to the benefit of the appellees here as after-acquired property under the Clay and Lula Rose deed to a predecessor in title of the appellees. It also was decided that Boone Rose, et al., and W. G. Holbrook, et al., parties in the present appeal, owned undivided interests of three-fourths and one-fourth, respectively, in the land in dispute. Under this judgment, the property was held to be indivisible, and was sold by the master commissioner.

Appellees filed this action on August 3, 1950, three days after judgment was rendered by the lower court in the earlier case. The Chancellor held that appellees were entitled to recover $1,425 for improvements, $73 for taxes and insurance, and $684 for interest from appellants as owners of the three-fourths interest in the property, credited by $1,080 awarded appellants for rent from appellees on the three-fourths interest, or a net recovery to appellees of $1,102. The interest and rent were based on the eight-year period between the date of death of Clay Rose on August 5, 1945, and the surrender of possession in September 1953, after the commissioner's sale. However, the record indicates that the latter date should be 1954.

Appellants complain that: (1) appellees should have asserted their claim for improvements in the earlier action; (2) appellees were holding under a life tenant (Clay Rose) and should pay the taxes and insurance and have no claim for improvements; (3) the evidence did not establish the good faith of appellees or furnish a proper basis to sustain the claim for improvements; and (4) there should be no recovery for improvements in excess of the rents and profits. Appellees have abandoned their cross-appeal.

■ Appellants pleaded the judgment in the earlier action of Rose v. Bryant, as a bar to the instant suit. The principal question for determination in the first ac-

tion was the construction of a deed as it affected the title to several tracts of land owned by numerous parties. The parcel of land and parties involved in the present action were only a part of the subject matter and parties in the first suit. The other parties had no interest in this parcel of land. The plea of res adjudicata is without merit here because of the difference in subject matter, issues, and parties. Wilburn v. North Jellico Coal Co., 272 Ky. 749, 115 S.W.2d 288.

■ Clay Rose and Lula Rose, his wife, acquired the title to an undivided one-fourth interest in the lands in dispute by inheritance and conveyance. It inured to the benefit of the appellees as after-acquired property. Rose v. Bryant, Ky., 251 S.W.2d 860. Appellees assert their claim as joint owners rather than as life tenants. The cases cited by appellants are not applicable. A joint owner in possession, claiming in good faith that he has title to the whole, who makes permanent and useful improvements or necessary repairs, beneficial to the interest of each of the joint holders, which increase the value of the whole estate, is entitled to assert a lien to the extent of the increase in value to the whole estate. 14 Am.Jur., Cotenancy, Section 49, page 117; Wainscott v. McBroom, 203 Ky. 634, 262 S.W. 961; Strunks Lane & Jellico Mountain Coal & Coke Co. v. Anderson, 297 Ky. 578, 180 S. W.2d 385; Martin v. Hall, 297 Ky. 537, 180 S.W.2d 390. See also Kelly v. Kelly, 293 Ky. 42, 168 S.W.2d 339, 148 A.L.R. 331, for a discussion of "good faith." This case held that "color of title" is sufficient on which to base a claim. Contribution for necessary repairs has been approved. Mastin v. Mastin's Adm'r, 243 Ky. 830, 50 S.W.2d 77. Insurance and taxes also come within the rule. Larmon v. Larmon, 173 Ky. 477, 191 S.W. 110. The payment of taxes by one joint tenant inures to the benefit of all the joint tenants from whom he is entitled to contribution. Hammonds v. Risner, 280 Ky. 40, 132 S.W.2d 533; Mason v. Barrett, 295 Ky. 462, 174 S.W.2d 702.

We find no merit in appellants' contention that the evidence did not establish the good faith of appellees or furnish a proper basis to sustain the claim. There was ample proof to sustain the Chancellor's finding of good faith and to show the increase in the vendible value of the property attributable to the improvements. We will not disturb the Chancellor's findings in such cases.

Appellants also urged that there should be no recovery for improvements in excess of the rents and profits. Such was the common-law rule. However, the equitable doctrine of "melioration" now recognizes that one entitled to recover for improvements may recover for any excess of the value of the improvements over that of the rents and profits. 27 Am.Jur., Improvements, Sections 24–26, pages 278 and 279. The amount recovered by appellees was credited by the rent due from appellants.

The judgment is affirmed.