Dona BOND, Appellant,

v.

Robert NEELEY et al., Appellees.

Court of Appeals of Kentucky.

March 22, 1957.

T. T. Burchell, Manchester, for appellant.

John C. Little, McKee, Eugene H. Clark, Manchester, for appellees.

STANLEY, Commissioner.

The appeal is from an order of the Jackson Circuit Court dismissing an appeal from a judgment of the county court entered on an ex parte petition of Robert Neeley that a certain alleged public passway be accepted and declared to be a public road of Jackson County. KRS 178.090.

■■■ Dona Bond filed an answer in the county court denying that there was a public passway as described and that there was any necessity for such a road becoming a part of the county system. It does not appear that the procedure prescribed by the statute was observed in any other respect. The judgment of the county court recites that the judge had viewed the route and "talked with the parties and their counsel" and that the case was submitted on "an agreed state of facts." No document was filed. The establishment of the way as a county road was denied. However, the court then bodaciously proceeded to find that a private passway had been acquired over Mrs. Bond's land by prescription and that the plaintiff, Neeley, was entitled to "a practical road" twenty feet wide over and across her land, etc. etc. Mrs. Bond seasonably and properly filed an appeal to the Circuit Court. CR 72.01.

■■ The appellant, Mrs. Bond, could not challenge that part of the judgment which refused to establish the way as a county road, for she had been successful in opposing it. But she certainly had the right to challenge that part which adjudged a private passway over her land. There is another statute which provides for the establishment of a private passway by a county court, the procedure being essentially that of condemnation. KRS 381.580. But that was not the purpose or object of the petition in this case, and the procedure therefor outlined was not followed. Nor did the county court have jurisdiction to enter a judgment that the petitioner had a private passway had such a case been properly before it. Other than to open or close county roads such court has jurisdiction over controversies relating to land only in matters of partition and condemnation, Dickerson v. Goocey, 154 Ky. 685, 159 S.W. 539, and has no power to compel the opening of a private passway. Gibson v. Porter, 12 Ky.Law Rep. 917, 15 S.W. 871.

■■ The circuit court sustained Neeley's motion to dismiss the appeal for "lack of jurisdiction." The motion to dismiss stated that there was no jurisdiction in the circuit court "because the appellant has an adequate remedy at law."

The statute or "law" expressly authorizes an appeal to the circuit court from a decision of the county court in a proceeding to establish a county road and provides that on such an appeal "the case shall be tried de novo." The same is true generally of appeals from judgments of inferior courts. CR 72.03.

The action of the circuit court in dismissing the appeal is clearly erroneous. The court should have vacated the judgment of the county court insofar as it established a private passway over the appellant's land. The judgment is accordingly reversed for proceedings consistent with this view.

Judgment reversed.