811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Matt DEATON and Etta Deaton, Plaintiffs-Appellants,
v.
HAZCOAL, INC., and Seaboard Systems Railroad, Inc.,
Defendants-Appellees.
 No. 85-6023.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1986.
 
 Before JONES, MILBURN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This dispute involves a .93-acre tract of land in Breathitt County, Kentucky, which plaintiffs-appellants ("the Deatons") claim by adverse possession and upon which the Deatons claim the defendants-appellees have trespassed. Defendants-appellees each filed motions for summary judgment supported by a stipulation of facts, affidavits, and a transcript of a deposition of plaintiff Matt Deaton, Jr. The district court granted both motions for summary judgment. For the reasons set forth below, we affirm.
 
 
 2
 SUMMARY JUDGMENT IN FAVOR OF HAZCOAL, INC.
 
 
 3
 Hazcoal established by stipulation of facts and the affidavit of a registered and certified land surveyor that its claim to the .93-acre tract derives from a 1905 mineral severance deed. That deed conveyed the rights to "enter in and upon the said land and use the same and the surface there of [sic] ... for the purpose of developing the same, and of hauling the products of adjoining lands to market and for public purposes generally," and further provided that the mineral owner may "operate and maintain ... tramways ... in and upon the said land as may be necessary for the development of the same and the adjoining land that may belong to the said grantee or his assigns." The Deatons have not disputed these facts, have not contended that Hazcoal's use of the land was inconsistent with the grant, and have not made a showing sufficient to overcome the rule of KRS 381.430 that whenever a mineral severance has taken place, subsequent possession and use of the surface by the original claimant or possession thereof by those claiming through or under him is deemed to be for the benefit of the mineral owner and is not adverse to his interest. See Brockman v. Jones, 610 S.W.2d 943 (Ky.Ct.App.1980). Therefore, any evidence as to surface activities on the tract is inadequate to establish adverse possession with respect to property rights derived from the severed mineral interests. Accordingly, we affirm the order of the district court granting summary judgment in favor of Hazcoal, Inc.
 
 
 4
 SUMMARY JUDGMENT IN FAVOR OF SEABOARD SYSTEM RAILROAD, INC.
 
 
 5
 The .93-acre tract in question was originally part of a 200-acre parcel of land that had been owned by the late Matt Deaton, Sr., father of plaintiff Matt Deaton, Jr. The record shows that, in 1927, Matt Deaton, Sr., granted title to the .93-acre tract to the Louisville & Nashville Railroad Company, pursuant to condemnation proceedings, for a consideration of $300.00. The Seaboard System Railroad, the successor in interest to the Louisville & Nashville Railroad Company, currently holds record title to the .93-acre tract. Matt Deaton, Jr., became the title holder to the 200-acre parcel by deed dated August 21, 1976, for a consideration of $10,000.00. The Deatons contend that they have acquired the .93-acre tract by adverse possession.
 
 
 6
 Under Kentucky law, one may acquire land, including railroad property, by adverse possession by adversely possessing the land for at least 15 years. Louisville & N.R. Co. v. Smith, 125 Ky. 336, 101 S.W. 317 (1907); KRS 413.010. The Deatons have held the land only since 1976 so they cannot acquire the .93-acre tract by adverse possession unless they can tack their possession onto that of Matt Deaton, Sr.
 
 
 7
 We hold that the Deatons cannot prevail by tacking because the possession by Matt Deaton, Sr., was not adverse. When Matt Deaton, Sr., the grantor, retained possession of the tract after transferring title to the grantee, his continued possession is considered to be permissive, not adverse. See Smith v. Burchell, 297 Ky. 707, 181 S.W.2d 48 (1944). Furthermore, it appears from the record that the continued possession of the land by Matt Deaton, Sr., was not, in fact, adverse because he merely continued to farm over the tract and had, along with an adjoining property owner, consolidated two fence lines, one on either side of a lane, into a single fence line in the center of the lane, see Keown v. Brandon, 206 Ky. 93, 266 S.W. 889 (1924) (possession of railroad right of way that does not interfere with railroad operations will be considered permissive); and because he had always considered his right to use the tract to be subservient that of the railroad. See Marcum v. Noble, 242 S.W.2d 866 (Ky.Ct.App.1951) (intention to exclude others is necessary element of adverse possession).[1] Accordingly, we affirm the order of the district court granting summary judgment in favor of the Seaboard System Railroad, Inc.
 
 
 
 [1]
 Because of the basis of our decision, we do not comment on the effect of the Kentucky Dead Man Statute, KRS 421.210(2), on the ability of the Deatons to show that the late Matt Deaton, Sr., had farmed the land; however, it is clear that the statute does not bar testimony regarding the deceased when that testimony is adverse to the interest of the person testifying, so we may consider the testimony of Matt Deaton, Jr., as to his father's lack of intent to exclude the railroad from the tract. See Mershon v. Land, 602 S.W.2d 186 (Ky.Ct.App.1980)